J-S62030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO J. BUNDY | : | |
| | : | |
| Appellant | : | No. 3221 EDA 2017 |

Appeal from the PCRA Order Entered August 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0715041-1976

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 07, 2019**

Antonio J. Bundy appeals from the order denying his Petition for Writ of *Habeas Corpus*, which the court treated in part as an untimely petition for relief under the Post Conviction Relief Act ("PCRA").[1] We quash the appeal.

Bundy was convicted in 1976 of second-degree murder and related offenses, and was sentenced to life imprisonment. The Pennsylvania Supreme Court affirmed his judgment of sentence in 1980. Bundy's 1983 petition for collateral relief under the Post Conviction Hearing Act[2] was denied after a hearing at which Bundy was represented by counsel. Bundy filed several subsequent PCRA petitions, which were dismissed as untimely.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] The Post Conviction Hearing Act was the predecessor to the PCRA.

On April 23, 2015, Bundy filed a *pro se* Petition for Writ of *Habeas Corpus*, in which he listed his issues as follows, verbatim:

> Fraud; unlawful confinement; no due process/equal protection; slavery; not duly convicted for charged offen[s]es; no statutory authorization for a life sentence (court) "second degree murder": trial judge refused their sworn oath of office; suppression hearing judge also refused his sworn oath of office year (1976); petitioner not sworn in; jury not sworn in; Commonwealth witnesses not sworn in; trial lawyer refused his oath of office/no signed admission law examiners documents; Pennsylvania's [1968] [C]onstitution is without saving schedule or enacting clause applicable to [its] criminal offen[s]es; petitioner not informed of the nature of offen[s]es; police officers tamper with evidence "so called crime scene [placing of knife in decease[d's] left hand: government interference: no sentencing order; no subject matter jurisdiction.

**See** Pet. for Writ of *Habeas Corpus*, 4/23/15, at 3 (unpaginated). The "Conclusion/Support of Issues" section of the Petition consisted of a similar, and ofttimes duplicative, string of phrases.

The trial court took no action on the Petition until May 24, 2017. On that date, the court filed an order stating that it would dismiss the petition in 20 days pursuant to Pa.R.Crim.P. 907. On August 31, 2017, the court dismissed the Petition in its entirety.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that most of the claims within Bundy's Petition for Writ of *Habeas Corpus* are encompassed by the PCRA, and, as the PCRA provides the sole remedy for claims contemplated by the Act, the court would treat those portions of the Petition as a request for PCRA relief. **See** Trial Court Opinion, filed October 19, 2017, at 2; **see also** 42 Pa.C.S.A. § 9542 (stating that PCRA is the "sole means of

- 2 -

obtaining collateral relief" and encompasses *habeas corpus*); ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013) ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition"). And, insofar as the Petition asserted claims falling within the PCRA, the court held the Petition was untimely "by approximately 34 years." **See** Trial Ct. Op. at 3 (citing 42 Pa.C.S.A. § 9545(b)). Moreover, Bundy had not attempted to plead or prove that any of the exceptions to the time-bar applied. ***Id.*** at 3-4. Thus, the trial court dismissed the claims as untimely.

However, the court found that one of Bundy's claims fell outside the purview of the PCRA—Bundy's mention of "no sentencing order." The court construed this as Bundy's claim that his detention is unlawful because the Department of Corrections ("DOC") allegedly does not possess the original sentencing order. ***Id.*** at 4. The court ultimately denied *habeas* relief on this claim because it found that Bundy's sentence is reflected on the docket entry from 1977 and that the DOC possesses authority to detain Bundy even without a written order. ***Id.***; ***see also Joseph v. Glunt***, 96 A.3d 365, 372 (Pa.Super. 2014) (confirming "a record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order").[3]

---

[3] In ***Glunt***, we noted that review of *habeas* petitions does not fall within the Commonwealth Court's exclusive appellate jurisdiction and that, even if it did,

Bundy appealed, and states his questions as follows:

1. Did the lower court abuse [its] discretion[?]

2. Did the lower court misapply the law[?]

3. Did the lower court exercise [its] discretion in a manner lacking reason[?]

4. Did the lower court fail to determine clarification and/or correction[?]

5. Did the lower court violate [its] own rules/law when ambiguity is attributable to it "court"[?]

6. Did the court deprive appellant of justice[?]

Bundy's Br. at 5 (numbers added, suggested answers omitted). The argument section of Bundy's brief is not divided into sections corresponding to the questions he states, in contravention of Pa.R.A.P. 2119(a), and is fairly convoluted. From what we can discern, Bundy's sole argument is that the trial court erred in treating his Petition for Writ of *Habeas Corpus* as a PCRA petition. **See** Bundy's Br. at 9-10.

We find that Bundy's argument is not presented in a manner allowing for review. Bundy makes no attempt to clarify what his underlying *habeas* claims are, or explain why the trial court erred in treating them as PCRA claims. Bundy provides no factual or procedural history or citations to the record, and the legal authorities he cites are presented without discussion. We are therefore unable to review his issue. **See** Pa.R.A.P. 2119(a) (stating each

our jurisdiction over a case is perfected where the appellee has not objected to it. **See Glunt**, 96 A.3d at 370 n.5. For the same reasons, we have jurisdiction over the instant case.

- 4 -

point in argument must be "followed by such discussion and citation of authorities as are deemed pertinent"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924-25 (Pa. 2009) (stating claims are waived "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review" and holding appellant's single-sentence arguments constituted "the type of cursory legal discussion which is wholly inadequate to preserve an issue for appellate review").

Moreover, Bundy does not explicitly challenge the trial court's holding regarding the timeliness of his Petition, or set forth any reasoned argument regarding the court's conclusion that the DOC has authority to detain him without a copy of the written sentencing order. Bundy has therefore waived any such claims for review as well.

We therefore quash the appeal. ***See*** Pa.R.A.P. 2101; ***Commonwealth v. Tchirkow***, 160 A.3d 798, 805 (Pa.Super. 2017) (quashing *pro se* appeal of denial of PCRA relief where appellant failed to provide any coherent legal arguments). In any event, we do not think the PCRA court's order was an abuse of discretion or error of law.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19