J-S61045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS RAMEY | : | |
| | : | |
| Appellant | : | No. 819 EDA 2018 |

Appeal from the PCRA Order February 26, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001422-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 21, 2019**

Marquis Ramey appeals *pro se* from the order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

Following a non-jury trial in August of 2014, Appellant was convicted of loitering and prowling at night, possessing instruments of crime, receiving stolen property, unlawfully possessing a firearm, carrying a firearm without a license, and criminal conspiracy.[1] The trial court sentenced Appellant to an aggregate term of nine to twenty years' imprisonment. On direct appeal, Appellant argued the trial court erred in denying his pre-trial suppression motion. A panel of this Court affirmed Appellant's judgment of sentence and

---

[1] 18 Pa.C.S.A. §§ 5506, 907(a), 3925(a), 6105(a)(1), 6106(a)(1), and 903(a)(1).

our Supreme Court denied *allocatur*. **See Commonwealth v. Ramey** 3513 EDA 2014 (Pa. Super. filed, Jan. 13, 2016) (unpublished memorandum).

On January 14, 2016, Appellant filed a timely *pro se* PCRA petition.[2] The PCRA court appointed counsel; however, Appellant filed several petitions to remove appointed counsel and proceed *pro se*. Following a **Grazier**[3] hearing, the PCRA court granted Appellant's request. Subsequently, based upon its review of the record, the court issued notice of its intent to dismiss. Despite Appellant's response, the court dismissed Appellant's petition without a hearing. This timely appeal followed.

On appeal, Appellant presents the following questions for our review:

I. Whether the PCRA court erred in not allowing [] Appellant to show the trial court's error in the conviction of loitering and prowling at night[], possession of firearms, and criminal conspiracy; and will it ([the] PCRA [court]) accept the argument of a miscarriage of justice that the trial court performed at the suppression hearing and trial?

II. Whether the PCRA court erred in not reversing the conviction of loitering and prowling at night[]? Was there sufficient evidence to convict [] Appellant of this crime?

III. Whether the PCRA court erred in not reversing the conviction[s] of possession of firearms, firearms carry without a license, possession of an instrument of crime, and receiving stolen property? Also whether the PCRA court erred [and] showed a miscarriage of justice in its decision to find him (Appellant) guilty?

---

[2] Appellant filed an amendment to his petition on October 19, 2017.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

IV.    Whether the PCRA court erred in not reversing the conviction of criminal conspiracy? Also, whether the prosecution produced any evidence that shows an "overt act" committed by [] Appellant?

V.    Whether the PCRA court erred in the sentencing of this Appellant? Did the PCRA court violate the Appellant's [rights under the] United States Constitution's Eighth [] Amendment[] cruel and unusual punishment [clause], and [the] United States Constitution's Fourteenth [] Amendment[] due process clause?

*See* Appellant's Brief, at 3 (unnecessary capitalization and formatting omitted)

Prior to reaching the merits of Appellant's issues, we must first determine if he has properly preserved these issues for our review. As explained below, *none* of Appellant's issues are properly before this court.

Through his first issue, Appellant claims that the trial court created a "miscarriage of justice" by failing to take "into consideration any of the evidence that was provided by the Appellant's counsel." Appellant's Brief, at 8. This is a challenge to the weight of the evidence underlying his convictions. Additionally, issues two through four attack the sufficiency of the evidence underlying his convictions. *See* Appellant's Brief, at 12-19. These are all claims of trial court error.[4]

_____

[4] We recognize that sufficiency and weight claims raised as the underlying issue in a counsel ineffectiveness claim are distinct from claims of trial court error and, as such, cognizable under the PCRA. *See Commonwealth v. Natividad*, 938 A.2d 310, 329 (Pa. 2007). However, in his appellate brief, Appellant specifically states that he is not raising any claims of counsel ineffectiveness. *See* Appellant's Brief, at 10 ("In the instant case, this pro se

> The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). ***See Commonwealth v. Spotz***, [] 18 A.3d 244, 260-61, 270 ([Pa.] 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised [on] direct appeal).

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).

Appellant failed to raise any of these claims of error on direct appeal. As such, we find these issues waived and procedurally barred from review under the PCRA.

Further, Appellant's final issue is waived for his failure to develop this argument in his appellate brief.

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

***Commonwealth v. Tchirkow,*** 160 A.3d 798, 804 (Pa. Super. 2017) (internal quotation marks and citations omitted). "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the

---

Appellant could not argue the trial counsel's ineffectiveness where he believe[s] that the trial counsel was very effective in both suppression and trial"). Therefore, we have not reviewed these claims in the context of counsel's ineffectiveness.

facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." **Commonwealth v. Gibbs,** 981 A.2d 274, 284 (Pa. Super. 2009). Despite his inclusion of five issues on appeal, Appellant's argument section of his appellate brief only addressed the first four issues. The brief completely fails to address his claim that the PCRA[5] court erred in imposing sentence and by violating his eighth and fourteenth amendment rights under the United States Constitution. Accordingly, he has waived this issue on appeal for failure to develop an argument. **See Tchirkow**, 160 A.3d at 804 (Pa. Super. 2017) ("It is well-established that '[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof'").

As Appellant is due no relief on any of his issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

---

[5] As Appellant did not develop this argument, we are unsure as to whether he intended to direct this claim of error in sentencing to the trial court or the PCRA court. If Appellant intended to direct this claim of error to the trial court, as the court that actually imposed his sentence, we would also find this argument waived as procedurally barred from review under the PCRA. **See Commonwealth v. Spotz**, 18 A.3d at 260-61, 270 (claims of trial court error are waived where not raised on direct appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19