J-S24034-17, J-S24035-17, J-S24036-17

2017 PA Super 117

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGG ANDREW TCHIRKOW | : | |
| | : | |
| Appellant | : | No. 1602 WDA 2016 |

Appeal from the Order Entered September 28, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0003939-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGG ANDREW TCHIRKOW | : | |
| | : | |
| Appellant | : | No. 1807 WDA 2016 |

Appeal from the Order Entered October 18, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0003939-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGG ANDRES TCHIRKOW | : | |
| | : | |
| Appellant | : | No. 1808 WDA 2016 |

Appeal from the PCRA Order October 24, 2016
In the Court of Common Pleas of Westmoreland County

J-S24034-17, J-S24035-17, J-S24036-17

Criminal Division at No(s): CP-65-CR-0003939-2014

BEFORE: PANELLA, STABILE, JJ., and STEVENS, P.J.E[*]

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 21, 2017**

This case involves three separate appeals[1] from matters arising following Gregg Andrew Tchirkow's (hereinafter "Appellant") *pro se* filing of his first petition pursuant to the Post Conviction Relief Act[2] in the Court of Common Pleas of Westmoreland County. For the reasons that follow, we find that the Orders entered on September 28, 2016, and October 18, 2016, were not final orders and that Appellant's failure to make any coherent legal arguments in his appellate brief and to meet other requirements prevents us from providing meaningful review of his appeal from the PCRA Order entered on October 24, 2016.[3] Accordingly, we quash these *pro se* appeals.

---

[*] Former Justice specially assigned to the Superior Court.
[1] This Court *sua sponte* consolidated these appeals for ease of review.
[2] 42 Pa.C.S.A. §§ 9541-9546.
[3] For example, Appellant's "Table of Authorities" lists three: "1. The development team behind 'Miami Vice.' 2. The Lord our God. 3. The 'Constitution.'" Appellant's Brief at 2 (unnumbered). In addition, Appellant's Statement of Jurisdiction reads as follows:

> First I would like to say that AL Yerkovac has jurisdiction over the best television show of all time, "Miami Vice." Ground breaking and ahead of its time. Especially the episodes directed by Don Johnson shot in film noir. They perfectly embody the steamy and sultry Miami twilight. A show most likely written by former cocaine dealers about cops chasing cocaine dealers. Pure genius.
>
> On a topic that is a distant second in importance, the Honorable Supreme Court of the United States has jurisdiction

*(Footnote Continued Next Page)*

- 2 -

The background of this case is a procedural quagmire due chiefly to Appellant's myriad *pro se* filings. We confine our recitation of the procedural history and facts to only the pertinent background we have gleaned upon our review of the certified record as follows: In a Criminal Information filed on October 17, 2014, Appellant and his codefendant brother, Stephen Tchirkow, were charged with several violations of The Controlled Substance, Drug, Device and Cosmetic Act following a shooting.[4] On March 2, 2015, Appellant entered a guilty plea to Manufacture, Delivery, or Possession with Intent to Deliver a Controlled Substance (marijuana) and to Possession of Drug Paraphernalia. The trial court ordered a presentence investigation and indicated sentencing would be held within ninety (90) days. N.T. Guilty Plea, 3/2/15, at 6.

On June 8, 2015, Appellant was sentenced to an aggregate prison term of eighteen (18) months to thirty-six (36) months with credit for time served along with two years' probation to be served consecutively. Appellant filed his "Motion to Reconsider Sentence at Count 3," and upon

_(Footnote Continued)_ ──────────────

over the instant matter pursuant to the Constitution of the United States of America. However, you are free to throw in your own two cents.

Appellant's Brief at 3 (unnumbered). Appellant has submitted the same brief in support of his appeal from all three orders.

[4] 35 P.S. 780-113 §§ (a)(30), (16), and (32). A separately filed charge of Aggravated Assault was dismissed as result of the refusal of Appellant and his brother to testify against each other at their preliminary hearing. A Person not to possess firearm charge ultimately was dismissed as well.

consideration thereof, the trial court granted the motion. In its Order filed on June 19, 2015, the court amended its June 8, 2015, Order to reflect that Appellant's length of probation at Count 3 shall be one (1) year of state probation; the court further directed that all other terms of its June 8, 2015, Order remained the same. Appellant did not file a direct appeal, and trial counsel's motion to withdraw his appearance was granted on August 27, 2015.

On February 22, 2016, Appellant filed a PCRA petition *pro se*. Counsel was appointed and filed an Amended Petition for Post Conviction Relief on April 25, 2016, wherein he averred Appellant's constitutional rights had been violated and that plea counsel had been ineffective. The PCRA court conducted an evidentiary hearing on May 26, 2016. Prior to the commencement thereof, Appellant demanded that Attorney Timothy Andrews be dismissed as his counsel. The PCRA court granted Attorney Andrews leave to withdraw as counsel and permitted Appellant to proceed with the evidentiary hearing *pro se*. N.T. PCRA Hearing, 5/26/16, at 10-12. At the conclusion of the hearing, the PCRA court indicated Appellant would have thirty days from the date upon which he received the transcript of the proceeding to file a brief, and the Commonwealth was directed to respond within thirty days thereafter.

On June 23, 2016, Appellant filed *pro se* his "Petition for post conviction relief appeal for immediate dismissal of charges and release from

custody" which the PCRA court treated as an amended PCRA petition. On July 11, 2016, the Commonwealth filed its response thereto. On July 27, 2016, Appellant filed an "Amendment to the Amended Post-Conviction Relief Appeal Petition," wherein he requested a second evidentiary hearing. On July 29, 2016, the Commonwealth filed its response to Appellant's Amendment. On August 25, 2016, Appellant filed a *pro se* Motion for New Counsel, and the PCRA court held a hearing thereon on September 9, 2016. At that time, the PCRA court granted Appellant's motion for appointment of counsel and re-appointed Attorney Andrews. Pursuant to Appellant's subsequent demand, Attorney Andrews filed a motion to withdraw.

On September 26, 2016, the PCRA court held a hearing on Attorney Andrews' motion to withdraw. At that time, Attorney Andrews explained Appellant had left a voicemail message at his office indicating he did not want counsel to act on his behalf in the PCRA proceedings and sent a letter directing counsel to withdraw immediately. Appellant expressed the same sentiment in an email sent on his behalf by his sister to Attorney Andrews; consequently, Attorney Andrews filed his motion to withdraw. N.T. PCRA Hearing, 9/26/16, at 2-3. The PCRA court proceeded to conduct a colloquy pursuant to Pa.R.Crim.P. 121 at which time it inquired as to whether

Appellant understood the ramifications of proceeding *pro se*. *Id*. at 9-10.[5]

At various times throughout the proceeding, Appellant requested new counsel.[6] The PCRA court stated that it had appointed him counsel as it was required to do. *Id*. at 6-8, 13.[7] The PCRA court further advised Appellant that he had the choice to proceed with current court-appointed counsel or *pro se*. *Id*. at 4-8, 11. Appellant stated that he wanted to proceed *pro se*. *Id*. at 12. After further discussion with Appellant and Attorney Andrews, the PCRA court found the two had no irreconcilable differences and determined there were no substantial reasons to appoint new counsel. *Id*. at 14.

_____

[5] Pa.R.Crim.P. 121(C) provides that "[w]hen the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C).

[6] In its Notice of Intention to Dismiss for Post-Conviction Collateral Relief the PCRA court stressed that "[Appellant] has continuously and irrationally argued with counsel and the [c]ourt during all proceedings. [Appellant] has demonstrated to the [c]ourt that he will not cooperate with any attorney who does not strictly follow his instructions to litigate and argue all claims brought forth by him, despite the claims' lack of merit." Notice of Intention to Dismiss for Post-Conviction Collateral Relief, filed 9/28/16, at 3 n. 1.

[7] An indigent petitioner is entitled to assistance of counsel throughout the entire appellate process including a first petition filed pursuant to the PCRA. Pa.R.Crim.P. 904(C); ***Commonwealth v. Roane***, 142 A.3d 79, 100 (Pa.Super. 2016) (citations omitted). Notwithstanding, were the PCRA court to have granted Appellant's request for new counsel, such action would have constituted a third court-appointed attorney. Upon our review of the record herein, we are satisfied that the PCRA court repeatedly provided Appellant with the assistance of competent counsel and that Appellant knowingly and voluntarily expressed his desire to proceed *pro se*.

On September 28, 2016, the PCRA court filed its Notice of Intention to Dismiss for Post-Conviction Collateral Relief. Therein, the court indicated it had reviewed the record along with Appellant's PCRA and Amended PCRA petitions and ultimately concluded there were no genuine issues concerning any material fact and that, consequently, Appellant was not entitled to relief under the PCRA. *See* Notice of Intention to Dismiss for Post-Conviction Collateral Relief, filed 9/28/16, at 3-10. On October 12, 2016, Appellant filed his "Response to Notice of intention to dismiss Motion for Post-conviction Collateral Relief." In its Order entered on October 24, 2016, the PCRA court denied Appellant's PCRA petition, and Appellant filed a timely notice of appeal on November 14, 2016.

Throughout the course of the proceeding, Appellant filed numerous *pro se* motions. Among them was his "Petition for Transcripts and Court Records" filed on September 23, 2016.[8] In its Order entered on September 28, 2016, the trial court granted in part and denied in part Appellant's petition and in doing so stated the following:

> This [c]ourt enclosed a copy of the G[uilty]P[lea] Hearing on 3/31/16 for [Appellant]. This [c]ourt enclosed a copy of the

---

[8] While the document is time-stamped September 28, 2016, it is accompanied by an envelope postmarked September 23, 2016; thus, pursuant to the "prisoner mailbox rule," we shall deem the petition to have been filed on September 23, 2016. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

Sentencing Hearing on 7/10/15 for [Appellant]. This [c]ourt also enclosed the Motion to Withdraw hearing transcript held on 9/26/16. Regarding the Prelim[inary] Hearing transcript held 9/5/14, this [c]ourt informed [Appellant], that the charges were Dismissed and the transcript was never requested by Defense or C[ommon] W[ealth], the digital recording of said hearing has been purged per policy of the Westmoreland Co. CAO.

Appellant filed a notice of appeal from the PCRA court's September 28, 2016, Order with this Court on September 29, 2016. In doing so, Appellant indicated his appeal lay from the PCRA court's order entered on September 9, 2016, disposing of his petition for the appointment of counsel; however, a review of the docket entries reveals that in its Order entered on September 9, 2016, the PCRA court granted Appellant's motion for appointment of counsel and provided that "Attorney Tim Andrews will be re-appointed as counsel on this case. Counsel has 60 days to submit an amended brief in support of [Appellant's] PCRA Petition."

In addition, on October 11, 2016, Appellant filed a "Petition for Records." Therein he requested "all crime scene photos associated with incident #RI14-148" and indicated his belief that he is "entitled to any and all evidence in any case that has been brought before any court on my behalf." Appellant posited the fact that trial counsel had not requested these items "further proves his incompetence." The PCRA court ordered the Commonwealth to file a response to Appellant's petition, and the Commonwealth did so on October 13, 2016. In its Order entered on October 18, 2016, the PCRA court denied Appellant's Petition for Records. Appellant

filed a notice of appeal on October 18, 2016, wherein he indicated he was appealing from the trial court's order entered "on the 27th day of September, 2016, refusing to provide [Appellant] transcripts of his preliminary hearing held on the 5th of September 2014."

Initially, prior to addressing any issues Appellant presents on appeal, we must determine whether the PCRA court's September 28, 2016, and October 18, 2016, Orders are final orders. As this Court recently has held:

> "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa.Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." ***Id.***; ***Stanton v. Lackawanna Energy, Ltd.***, 915 A.2d 668, 673 (Pa.Super. 2007). Pennsylvania law makes clear:
>> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).
>
> Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:
>> **Rule 341. Final Orders; Generally**
>> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>> **(b) Definition of final order.** A final order is any order that:
>> (1) disposes of all claims and of all parties; or
>> (2) is expressly defined as a final order by statute; or
>> (3) is entered as a final order pursuant to subdivision (c) of this rule.
>> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

> claim...the trial court...may enter a final order as to one or more but fewer than all of the claims...only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order...that adjudicates fewer than all the claims...shall not constitute a final order[.]
>
> Pa.R.A.P. 341(a)–(c). [Thus,] [u]nder Rule 341, a final order can be one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c).

***Bloome v. Alan***, 154 A.3d 1271, 1273-74 (Pa.Super. 2017) (citation omitted).

Instantly, Appellant's petition for transcripts and his petition for records were filed while his PCRA petition was pending. Accordingly, until Appellant obtained the PCRA court's determination of finality of his PCRA petition, this Court lacked jurisdiction to entertain the appeals as filed. For this reason, we quash Appellant's purported appeals from the Orders entered on September 28, 2016, and October 18, 2016; however, as Appellant's timely appeal from the PCRA court's Order of October 24, 2016, was an appeal from a final order, we next turn to a consideration of the issues Appellant presents with regard thereto.

Initially, we note that Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005);

Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa.Super. 2003). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.Super. 2014).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule. --**The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:
      (1) Statement of jurisdiction.
      (2) Order or other determination in question.
      (3) Statement of both the scope of review and the standard of review.
      (4) Statement of the question involved.
      (5) Statement of the case.
      (6) Summary of argument.
      (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
      (8) Argument for the appellant.
      (9) A short conclusion stating the precise relief sought.
      (10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
      (11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1)–(10) (emphasis added). Rules 2114 through 2119 detail the material to be included in briefs on appeal. ***See*** Pa.R.A.P. 2114–2119. Specifically, Rule 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

> **Rule 2119. Argument**
>
> **(a)** **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

It is well-established that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa.Super. 1981).

Herein, Appellant's brief not only fails to provide any coherent legal arguments, but it also utterly fails to comply with our rules of appellate procedure. For example, Appellant's "Statement of Question[s] Presented" reads *verbatim* as follows:

> Whether or not armed banditos can break into and ransack a wounded man's Home, file false paperwork in a pirate court, plant false propaganda in the local media outlets to bias public opinion and a potential jury, then assigning a money grubbing bootlicking saboteur, Michael Dematt, to derail a case all while you are severely injured, held in solitary confinement and denied your legally prescribed psychiatric medication, releasing the scum who shot you in your own home, essentially rewarding them for their act of drunken violence.

> Finally, assigning another saboteur for a PCRA hearing, that, at the behest of the district attorney purposefully tries to bungle your release. When you catch them in the act, you are denied counsel outright; they ran out of bootlicking saboteurs.
>
> And, whether or not delicious freshly squeezed Florida orange juice should be the new natural beverage.

Appellant's Brief at 6 (unnumbered) (unnecessary capitalization and boldface type omitted).

In addition, the entirety of Appellant's argument is comprised of one sentence: "I have been abducted and the cost of my captivity are, at this very moment, being extorted from the good people of the United States and being used to fund terrorism." *Id*. at 9 (unnumbered).

Because of the considerable defects in Appellant's brief, we are unable to perform appellate review. We, thus, quash the appeal from the PCRA Order entered on October 24, 2016.

Appeals quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017

- 13 -