J-S17023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEKIRR BROWN | : | |
| | : | |
| Appellant | : | No. 959 EDA 2018 |

Appeal from the PCRA Order March 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002118-2012

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED APRIL 26, 2019**

Appellant, Lekirr Brown, appeals from the order entered on March 2, 2018, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A §§ 9541-9546. We dismiss the appeal.

We briefly summarize the facts and procedural history of this case as follows. In July 2012, following a bench trial, the trial court convicted Appellant of attempted murder, aggravated assault, simple assault, possession of an instrument of crime, reckless endangerment, carrying a firearm on public property in Philadelphia, and persons not to possess a firearm. Appellant received an aggregate sentence of 10 to 20 years of imprisonment, consecutive to a term of incarceration in another matter. On March 8, 2013, Appellant filed a timely PCRA petition seeking *nunc pro tunc* reinstatement of his direct appeal rights. The trial court granted relief, Appellant appealed, and we affirmed Appellant's judgment of sentence in an

unpublished memorandum on June 16, 2014. *See Commonwealth v. Brown*, 2014 WL 10919381 (Pa. Super. 2014) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Brown*, 101 A.3d 784 (Pa. 2014).

Appellant filed a timely *pro se* PCRA petition on February 20, 2015. Appointed counsel filed an amended PCRA petition on May 9, 2017. On January 22, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response. The PCRA court dismissed Appellant's PCRA petition on March 2, 2018. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

I.     Is [Appellant] entitled to a new trial as the result of ineffective assistance of counsel where appellate counsel failed to raise and brief an issue that was raised in the [t]rial [c]ourt, by trial counsel, dealing with the [c]ourt's error in permitting hearsay testimony from an anonymous witness?

II.    Is [Appellant] entitled to a new trial as the result of trial counsel's ineffectiveness when counsel failed to object to a hearsay question and answer(s) from an out-of-court statement that were impermissible for various evidentiary reasons?

III.   Is [Appellant] entitled to a new trial as the result of trial counsel's ineffectiveness when counsel failed to object to impermissible testimony from a police detective when that

_____

[1]   Appellant filed a counseled notice of appeal on April 1, 2018. On April 3, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 23, 2018. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on June 7, 2018.

detective "concluded" that the victim was able to identify [Appellant]?

Appellant's submissions to this Court do not cite relevant case or statutory authority. Hence, we deem all of his appellate issues waived and dismiss his appeal. "Briefs [] shall conform in all material respects with the requirements of [our appellate] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief [] of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. The argument portion of an appellate brief must include pertinent discussions of the points raised on appeal, along with discussion and citation of pertinent authorities. *See* Pa.R.A.P. 2119(a). "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (internal citation omitted); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

In this case, Appellant provides this Court two bald citations[2] in support of three appellate issues. Moreover, Appellant fails to set forth a standard and

---

[2] Appellant cites 42 Pa.C.S.A. § 742 as conferring appellate jurisdiction. *See* Appellant's Brief at 1. He also cites generally to Pa.R.E. 803 regarding a hearsay claim. *Id.* at 9.

scope of review in contravention of Pa.R.A.P. 2111(a)(3). Because there are substantial omissions and defects in Appellant's appellate brief, we are unable to provide meaningful review. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Tchirkow**, 160 A.3d at 804. Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/19