J-S08038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ALYSE MOORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW MOORE, | : | |
| | : | |
| Appellant | : | No. 1380 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 13, 2019
in the Court of Common Pleas of Butler County
Criminal Division at No(s):  F.C. No. 13-90147-A

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JUNE 29, 2020

Matthew Moore ("Matthew") appeals from the judgment of sentence imposed following the trial court's finding that he was in indirect criminal contempt[1] of a Protection From Abuse Order ("PFA").  We affirm.

On June 4, 2019, Alyse Moore ("Alyse") was granted a Temporary PFA against Matthew.  The trial court conducted a hearing on June 11, 2019 ("the PFA Hearing"), after which the court entered the final PFA, effective through July 15, 2019.  The PFA prohibited Matthew from stalking or harassing Alyse.

After the PFA Hearing, Matthew followed Alyse down the hallway, out of the courthouse, and to her car.  Matthew called Alyse a "piece of shit," and began to argue with Alyse about a custody dispute concerning their daughter.

_____

[1] See 23 Pa.C.S.A. § 6114.

Alyse immediately returned to the courthouse and filed an Indirect Criminal Contempt Complaint.

On August 13, 2019, the trial court conducted a hearing on the Complaint ("the Contempt Hearing"), during which both Matthew and Alyse testified. The trial court found that Matthew had violated the terms of the PFA, and convicted Matthew of indirect criminal contempt. The trial court sentenced Matthew to a term of 6 months in county prison, and he was immediately paroled. The trial court also ordered Matthew to complete a mental health evaluation, and any other evaluations as directed by his probation officer.

Matthew filed a timely Notice of Appeal and a Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Matthew now raises the following issues for our review:

1. Whether the evidence offered at the Contempt Hearing ... was sufficient to sustain a finding of contempt[,] as [Matthew] avers that the findings of the [trial c]ourt are defective in finding a contempt of a PFA resulting from a hearing before [the trial court]. Said defects are as follows:

a) [Matthew] avers that although the [trial c]ourt heard his argument earlier in the proceeding[,] it was disinclined to deny the PFA and discounted the essence of [Matthew's] argument. [Matthew] avers that he was preparing to supplement his defense and the [trial court] abruptly left the bench without hearing his argument[,] leading [Matthew] to the conclusion that the [trial c]ourt did not issue a PFA ....

b) [Matthew] avers that he did not possess a copy of the PFA and did not understand that there was a PFA or that the

> PFA, if it did exist, limited his contact with [Alyse] as regards the custody of their shared child.
>
> c) [Matthew] avers that he did not follow [Alyse] to the car.
>
> d) [Matthew] avers that the [trial c]ourt[,] at the Contempt Hearing[,] … did not give sufficient weight to his denial of the accusations made against him. [Matthew] avers that his argument before the [trial c]ourt was sufficient and that greater weight should not have been given to [Alyse].

Brief for Appellant at v-vi.

Matthew challenges the sufficiency of the evidence supporting the trial court's finding of indirect criminal contempt, and offers four separate arguments for our review.

In addressing Matthew's arguments, we adhere to the following standard of review:

> We review a contempt conviction for an abuse of discretion. We rely on the discretion of the trial court judge and are confined to a determination of whether the facts support the trial court's decision. In reviewing whether the evidence was sufficient to support the conviction, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all the elements of the offense beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Finally, the trial of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Felder, 176 A.3d 331, 333-34 (Pa. Super. 2017) (citations, quotation marks and brackets omitted).

- 3 -

A charge of indirect criminal contempt consists of a claim that a violation of an [o]rder or [d]ecree of court occurred outside the presence of the court. Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order. ... To establish indirect criminal contempt, the Commonwealth must prove: 1) the [o]rder was sufficiency definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the [o]rder; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

Commonwealth v. Brumbaugh, 932 A.2d 108, 110 (Pa. Super. 2007) (internal citations and quotation marks omitted).

In his first argument, Matthew claims that, during the PFA Hearing, the trial judge was initially "disinclined to deny the PFA." Brief for Appellant at 2. Matthew asserts that "he was preparing to supplement his defense[,] and the [trial j]udge abruptly left the bench without hearing his argument[,] leading [Matthew] to the conclusion that the [c]ourt did not issue a PFA." Id. Matthew argues that he was denied due process. Id. at 3.

Despite acknowledging that his argument is factual, and "can best be discerned by the transcription of the proceedings[,]" id. at 3, Matthew failed to include any citations to the record in support of his argument. See Pa.R.A.P. 2119(c) (requiring citation to the record when "reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing on the record"); see also Commonwealth v. Harris, 979 A.2d 387, 393 (Pa. Super. 2009) (stating that "[w]hen an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is

waived for purposes of appeal."). Matthew also failed to adequately develop his sufficiency and boilerplate due process[2] challenges for review, or to include any citation to relevant legal authorities. See Pa.R.A.P. 2119(a) (providing that an appellant's argument must include "such discussion and citation of authorities as are deemed pertinent"); see also Hayward v. Hayward, 868 A.2d 554, 558 (Pa. Super. 2005) (concluding that appellant's failure to cite any pertinent authority in support of his argument resulted in waiver of his claim). Thus, Matthew's first argument is waived.

Moreover, the trial court addressed this argument as follows:

At the [PFA] Hearing on June 11, 2019, ... following testimony from both [Alyse] and [Matthew], [Matthew] was informed by [the trial court] that a [PFA] was being granted. Following additional statements by [Matthew], [the trial court] reiterated that he was granting a [PFA]. [Matthew] responded, "I understand." Upon further interjections by [Matthew], [the trial court] then informed [Matthew] multiple times that a ruling was made and the hearing was concluded. [The trial court] further informed [Matthew] he would receive a copy of the Order.

Trial Court Opinion, 10/19/19, at 2. Thus, Matthew is not entitled to relief on this claim.

Next, Matthew argues that he did not possess a copy of the PFA, and did not understand that there was a PFA against him. Brief for Appellant at 3. Matthew acknowledges that his argument is "somewhat tricky" because

---

[2] Further, Matthew concedes in his next argument that "he was served a copy of the temporary PFA and was in [c]ourt for, and participated in, the full hearing wherein the allegations and disputes were more fully discussed and witnesses were examined." Brief for Appellant at 3.

"he was served a copy of the temporary PFA and was in [c]ourt for, and participated in, the full hearing wherein the allegations and disputes were more fully discussed and witnesses were examined." Id. According to Matthew, the trial judge "was not fully cognizant of his obligations and duties as primary custodian of their dependent child." Id. at 4.

This argument is similarly waived due to Matthew's failure to adequately develop it for our review. Beyond a cursory citation to 23 Pa.C.S.A. § 6106(g),[3] Matthew failed to include citations to and adequate discussion of relevant legal authorities. See Pa.R.A.P. 2119(a); see also Hayward, supra. Significantly, despite his citation to section 6106(g), Matthew does not allege defective service. Accordingly, this claim is waived.

In his third argument, Matthew contends that he did not follow Alyse to her car. Brief for Appellant at 5. Matthew claims that the trial court abused

_____

[3] Section 6106(g) provides as follows:

§ 6106. Commencement of proceedings

* * *

(g) Service of petition and orders.--The petition and orders shall be served upon the defendant, and orders shall be served upon the police departments and sheriff with appropriate jurisdiction to enforce the orders. Orders shall be promptly served on the police and sheriff. Failure to serve shall not stay the effect of a valid order.

its discretion by affording Alyse's testimony more weight and credibility.[4] Id. at 6. According to Matthew, Alyse is "an unreliable narrator." Id. at 5-6.

Matthew acknowledges that the trial court has discretion to make credibility determinations, but nevertheless asks us to reassess the credibility of the testimony presented at the Contempt Hearing. The trial court was solely responsible for assessing the credibility of the witnesses, and we may not "substitute our judgment for the fact-finder." Felder, 176 A.3d at 334 (citation and quotation marks omitted). Therefore, Matthew is not entitled to relief on this claim.

In his final argument, Matthew asserts that the trial court "did not give sufficient weight to his denial of the accusations made against him."[5] Brief for Appellant at 7, 9, 10. Matthew also claims that the arguments he made during the Contempt Hearing were sufficient to conclude that he was not in indirect contempt of the PFA. Id. at 7. According to Matthew, the trial court did not consider that he has primary custody of his daughter. Id. at 9-10.

_____

[4] Although Matthew includes this argument under his overarching challenge to the sufficiency of the evidence, his assertions regarding the credibility of Alyse's testimony go to the weight of the evidence. See Commonwealth v. Gibbs, 981 A.2d 274, 281-82 (Pa. Super. 2009) (explaining that "[a]n argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence.").

[5] To the extent that Matthew challenges the trial court's credibility determinations in this argument, his claim is one concerning the weight of the evidence. See Gibbs, supra. Moreover, as we stated above, this Court may not reassess the credibility of witnesses. See Felder, 176 A.3d 334.

Again, Matthew failed to adequately develop his argument for our review. Matthew's final argument contains only boilerplate citations of this Court's standard of review, and the elements of a criminal contempt finding. However, Matthew fails to allege that any of those elements were not established during the Contempt Hearing, or to otherwise explain why the evidence was insufficient. Accordingly, this claim is waived. See Pa.R.A.P. 2119(a); Hayward, supra; Commonwealth v. Tchirkow, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)).

Based upon the foregoing, we affirm the judgment of sentence imposed following Matthew's conviction of indirect criminal contempt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2020