J-S07023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
GEORGE A RUTLEDGE, JR.　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　　　:　　No. 1231 WDA 2021

Appeal from the PCRA Order Entered October 5, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000031-2019

BEFORE:　OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:　　　　　　**FILED: MAY 02, 2022**

George A. Rutledge, Jr., appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We dismiss the appeal.

Given our disposition, a detailed factual and procedural history of the case is unnecessary.  On June 5, 2019, Rutledge entered a guilty plea to one count of persons not to possess firearms and the trial court that heard the plea immediately sentenced him.  Rutledge did not file a direct appeal; therefore, his judgment of sentence became final on July 5, 2019.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Rutledge filed a timely PCRA petition, which the PCRA court dismissed. Rutledge did not file an appeal of the dismissal of that petition. Instead, on June 5, 2020, he filed a timely second PCRA petition. On October 5, 2020, the PCRA court dismissed Rutledge's second petition. Rutledge filed a timely notice of appeal on October 28, 2020.[2] In this Court, Rutledge has filed a six-page brief which purports to raise numerous issues and sub-issues for our review.

Before reaching the merits of Rutledge's issues, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. ***See Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id***. (citation omitted). It is an appellant's duty to present arguments that are sufficiently developed for our review. An appellate brief must support its claims with

_____

[2] The PCRA court determined that the appeal was untimely. However, following a procedural history not herein relevant, a prior panel of this Court concluded that Rutledge had been improperly deprived of his right to appellate review by a breakdown in court operations, and reinstated the appeal. ***See Commonwealth v. Rutledge***, 260 A.3d 149 (Pa. Super. 2021) (unpublished memorandum at *4).

- 2 -

pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim) (citation omitted).

Rutledge's brief fails to comply with multiple rules of appellate procedure. It does not contain: a statement of jurisdiction (*see* Pa.R.A.P. 2114), a statement of order or other determination in question (*see* Pa.R.A.P. 2115), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2111(4), a statement of the case (*see* Pa.R.A.P. 2117), or a summary of argument (*see* Pa.R.A.P. 2118). Of even greater importance, Rutledge's brief is devoid of any references to or discussion of applicable legal standards, statutes, or case law. *See* Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities). Nor does Rutledge's brief direct this Court to the places in the record where the matters he refers to can be found. *See* Pa.R.A.P. 2119(c)

(providing that where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing that where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found).

Given these deficiencies, this Court is unable to meaningfully review the issues Rutledge purports to raise. Accordingly, Rutledge's failure to conform with our appellate rules compels the dismissal of the appeal. **See** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed").

Appeal dismissed.

Judge Pellegrini joins in this decision.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/02/2022