J-S43026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY CUNNINGHAM | : | |
| | : | |
| Appellant | : | No. 2261 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002904-2015.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JANUARY 10, 2023**

Anthony Cunningham appeals from the order entered on his first petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Because the PCRA court did not enter a final order dismissing Cunningham's petition, we quash this appeal as premature.

The Commonwealth prosecuted Cunningham for his role in a robbery on January 21, 2015.  The case proceeded to a bench trial on March 31, 2016, and the trial court found him guilty of all counts.  On July 13, 2016, the court imposed an aggregate sentence of 7 ½ to 15 years of imprisonment.

On July 6, 2018, this Court affirmed Cunningham's judgment of sentence on direct appeal. ***Commonwealth v. Cunningham***, 194 A.3d 649 (Pa. Super. 2018) (non-precedential decision).  Cunningham did not petition the Supreme Court of Pennsylvania for allowance of appeal.

On March 25, 2019, Cunningham timely filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on January 12, 2021.

On September 23, 2021, the PCRA court entered a "notice pursuant to Pennsylvania Rule of Criminal Procedure 907," which stated in relevant part:

> You are hereby advised that in twenty (20) days from the date of this NOTICE, your request for post-conviction relief will be denied/ dismissed without further proceedings. No response to this Notice is required. If, however, you choose to respond, your response is due within twenty calendar days of the above date. The reason for denial/dismissal is as follows:
>
> __X__ (1) The Court has determined that the issue[s] in the Amended Post Conviction Relief Act petition are without merit.

Notice, 9/23/2021.

The docket sheet contains several entries not included in the certified record specifying "NCD: 10/26/21 room 1101 for formal dismissal." No docket entry appears on October 26, 2021. Instead, on October 27, 2021, the PCRA court issued a "short certificate" in Cunningham's case, stating that the PCRA court "orders that counsel be appointed in the above matter for appeal purposes. [The attorney who filed the amended petition] is permitted to withdraw." Short certificate, 10/27/21. Notably, the PCRA court never entered an order dismissing the PCRA petition.

Present counsel was appointed on November 2, 2021, and on November 3, 2021, filed a notice of appeal from the order of October 27, 2021. On December 22, 2021, counsel filed a statement of matters complained of on appeal. The PCRA court entered an opinion on February 10, 2022.

Before addressing the merits of Cunningham's appellate issues, we must first determine whether we have jurisdiction in this matter. In general, an appeal may be taken only from a final order of court. Pa.R.A.P. 341. This Court lacks jurisdiction over an appeal from an order that is not final or otherwise appealable; we may raise the issue of our jurisdiction *sua sponte*. *Commonwealth v. Tchirkow*, 160 A.3d 798, 803 (Pa. Super. 2017) (citing *Bloome v. Alan*, 154 A.3d 1271, 1273–74 (Pa. Super. 2017)). Whether an order is final is a question of law, which we review *de novo*. *Commonwealth v. Grove*, 170 A.3d 1127, 1138 n.15 (Pa. Super. 2017) (citing *Commonwealth v. Scarborough*, 64 A.3d 602, 607 (Pa. 2013)). In conducting this review, we consider the text on the face of the order, "the appealable piece of paper." *Commonwealth v. Porter*, 35 A.3d 4, 15 (Pa. 2012).

"An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.A.P. 341(f)(1); *accord* Pa.R.Crim.P. 910. When a PCRA court dismisses a petition without a hearing, after providing the required 20-day notice,

> the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

When presented with an appeal from a non-final PCRA order, this Court will quash the appeal. **Tchirkow**, 160 A.3d at 804. As long as the PCRA court has not dismissed the petition in the interim, the PCRA court can then enter an order finally disposing of the petition to enable appellate review. **Commonwealth v. Dowling**, 883 A.2d 570, 575 & n.4 (Pa. 2005) (where a related case's "record did not contain any clear disposition of Appellant's PCRA petition, much less an order definitively disposing of that petition," directing the trial court to enter an order disposing of the petition to enable an appeal to this Court).

Here, Cunningham purports to appeal from the PCRA court's "short certificate" entered on October 27, 2021. The parties and the PCRA court treat this as an order dismissing Cunningham's petition. PCRA Court Opinion, 2/10/22, at 3; Cunningham's Brief at 2, 7; Commonwealth's Brief at 5. However, the short certificate does not order that Cunningham's petition is dismissed. It orders that the attorney who filed the amended petition be permitted to withdraw and directs that a new attorney be appointed for appeal. It does not advise of the right to appeal or provide time limits in which to do so. Because this short certificate does not grant, deny, dismiss, or dispose of Cunningham's PCRA petition, it is not a final appealable order.

Neither is the PCRA court's earlier Rule 907 notice a final order. That notice provides that Cunningham's PCRA petition "will be denied/dismissed without further proceedings" twenty days later, indicating that the PCRA court

determined the issues in the amended PCRA petition to be without merit.[1] Although the Rule 907 notice states that the PCRA court will deny or dismiss Cunningham's petition at a future date, it does not include any language denying or dismissing the petition with the order itself.

Because the short certificate was not a final order, we are compelled to quash this appeal. **Tchirkow**, 160 A.3d at 804. There is no other document included in the certified record or listed on the docket sheet that could be a final order resolving Cunningham's PCRA petition. Therefore, the petition remains pending, and the PCRA court should dispose of it in compliance with the Rules of Criminal Procedure to enable an appeal.

We note that the requirement for a final appealable order is not a mere technicality. Our Rules of Criminal Procedure require the PCRA court to issue an order disposing of a PCRA petition. Pa.R.Crim.P. 907(4). This sets a date to determine whether an appeal from that order is timely. Pa.R.A.P. 903(a). Here, there was no order that advised Cunningham of the time in which he could appeal. Although the notice of appeal was filed within thirty days of the short certificate, it does not constitute an appeal of Cunningham's petition because the PCRA court never issued a decision on the merits of that petition.

Appeal quashed. Case remanded. Jurisdiction relinquished.

_____

[1] Our Supreme Court has held that the "check-the-box approach" used in this notice is impermissible because it does not sufficiently apprise a petitioner or counsel why the PCRA court intends to dismiss the petition. **Commonwealth v. Bradley**, 261 A.3d 381, 399 & n.15 (Pa. 2021) (citing **Commonwealth v. Williams**, 782 A.2d 517, 527 (Pa. 2001)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2023