J-S03009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: RICHARD E. WEBER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: RICHARD E. WEBER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 846 WDA 2024 |

Appeal from the Order Entered June 24, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0000231-2024

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: February 13, 2025**

Richard E. Weber appeals from the order denying his petition to review the disapproval of his private criminal complaint.  We affirm.

On May 6, 2024, Weber filed a petition for review in the trial court.  He averred that he had filed a private criminal complaint on November 28, 2023, alleging that his second wife had solicited or conspired to kill him.  A member of the Erie County District Attorney's Office disapproved the complaint on April 18, 2024, stating that the complaint lacked prosecutorial merit.  Weber alleged in his petition that the Assistant District Attorney who disapproved his complaint was biased by being romantically involved with Weber's wife and by being involved in other litigation involving Weber.

The First Assistant District Attorney responded to Weber's petition.  She refuted Weber's claims of bias and explained her independent review.  She

addressed Weber's history of litigation and the weakness of the allegations in Weber's complaint. She requested the trial court deny Weber's petition:

> While the Commonwealth does not believe that a conflict was present,[1] the undersigned has now overseen an independent review of the Private Criminal Complaint, and has independently determined that the Commonwealth would be unable to meet its burden on the charges alleged, specifically due to [Weber's] credibility issues and [Weber's] history of utilizing the criminal justice system to manipulate legal proceedings. Only counting the time since [Weber] was imprisoned in the State Correctional System for multiple counts of theft, fraud, bigamy, as well as solicitation of the murder of his first wife, this would be the third Private Criminal Complaint filed against his estranged second wife[2] . . . . The prior two Private Criminal Complaints were filed multiple years after the alleged act and were never brought to law enforcement's attention despite the serious allegations. The first involved an allegation of identity theft (an offense for which [Weber] is well versed) and the second involves theft and mail fraud.[3]

---

> [1] The allegation that [the Assistant District Attorney who reviewed Weber's complaint] has a romantic entanglement with [Weber's] second wife is nothing short of ludicrous.
>
> [2] As [Weber] was still married to his first wife at the time of the marriage to his second wife, for which he has been convicted of Bigamy, it is unclear whether the second marriage is still valid or was ever valid in the first place.
>
> [3] These [complaints] were also [disapproved] by ADAs within the DA's office[.]

---

> Now, [Weber] has come forward with an allegation of a multi-actor conspiracy to poison and kill [him]. This conspiracy includes [Weber's] estranged second wife, a nurse at Erie County Prison, and a Lieutenant at Erie County Prison. Notably, [Weber] does not seek criminal charges against any other member of the conspiracy nor does it appear that this attempt on [Weber's] life was ever reported to local law enforcement authorities. Another curious aspect of his allegations is that [Weber's] main witness notarized his Affidavit in Cumberland County relating to events

that occurred in Erie County four years earlier. At the time of the notarization, [Weber] also resided in Cumberland County at SCI Camp Hill. The undersigned has very little information relating to the witness, James Schubert, but notes that records do appear to show that a man named James Schubert was imprisoned in the Department of Corrections during some of the relevant time period.

Finally, it must be noted that during the prosecution of [Weber] for his various crimes in Erie County, numerous hearings were held which mentioned his repeated filings of claims against his first wife in Chautauqua County, [New York,] none of which were ever proven.

Response, 6/17/24, at 1–3 (footnotes in original).

On June 24, 2024, the trial court denied Weber's petition for review. The court observed that it could only reverse the disapproval if Weber could "demonstrate that the district attorney's decision amounted to bad faith, fraud or unconstitutionality." Order, 6/24/24 (citing *In re Wilson*, 879 A.2d 199 (Pa. Super. 2005) (*en banc*)). The court stated it would review the disapproval for an abuse of discretion. It added: "The Affiant does not provide any averments which would demonstrate that the district attorney's decision amounted to bad faith, fraud, or unconstitutionality." Finding no abuse of discretion, the court declined to interfere with the Commonwealth's decision.

Weber timely appealed. Weber and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Weber argues on appeal that the trial court erred by erroneously reviewing for an abuse of discretion based on the district attorney's policy decision. He argues that the trial court should have applied the "bad faith"

standard set forth in **In re Ajaj**, 288 A.3d 94 (Pa. 2023). Weber asks this Court to remand for the trial court to apply the proper standard of review.[1]

Weber's argument fails. Prior cases had directed trial courts to review policy-based disapprovals for an abuse of discretion. **E.g.**, **Wilson**, 879 A.2d at 215. In 2023, the Supreme Court of Pennsylvania held that a trial court may only overturn any disapproval "if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." **Ajaj**, 288 A.3d at 109. It explained that "bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose." **Id.**

Here, the trial court cited **Wilson** for a correct statement of law: to reverse the disapproval of his complaint, Weber would have to prove bad faith, fraud, or unconstitutionality. In reviewing the disapproval for an abuse of discretion, the trial court observed that James Schubert "does not provide any averments which would demonstrate that the district attorney's decision amounted to bad faith, fraud, or unconstitutionality." The trial court explained in its opinion on appeal that Weber's "bad faith" claims are meritless based on the Commonwealth's detailed response to Weber's petition. The trial court thereby applied the correct standard of review and concluded that Weber had

---

[1] Weber states that his *pro se* brief should be held to a less stringent standard than a counseled pleading would be. However, while "this Court is willing to construe liberally materials filed by a pro se litigant, a pro se appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017).

- 4 -

not shown bad faith, fraud, or unconstitutionality. On this record, it does not appear that the prosecutor acted with a fraudulent, dishonest, or corrupt purpose. A remand would serve no purpose. We therefore affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2025