J-S08002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID PEPE | : | |
| | : | |
| Appellant | : | No. 1264 EDA 2025 |

Appeal from the PCRA Order Entered April 29, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910301-1998

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:                     **FILED APRIL 14, 2026**

David Pepe, a/k/a David Wilson or David Pepe Wilson, appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

Based upon our decision, a thorough review of the factual history is unnecessary.[2] Briefly, we note that Pepe was convicted of rape, involuntary deviate sexual intercourse, robbery, aggravated assault, kidnapping, possessing instruments of crime, and terroristic threats after handcuffing a woman in his house, keeping her locked in a coffin-type box in his basement,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] For a detailed factual history, we refer to this Court's prior decision in ***Commonwealth v. Pepe***, 778 A.2d 1246 (Pa. Super. 2001) (unpublished memorandum).

and sexually assaulting her for nearly three days.[3] The trial court sentenced Pepe to 55 to 110 years of incarceration on April 15, 1999. This Court affirmed the judgment of sentence on May 15, 2001. The Pennsylvania Supreme Court denied allowance of appeal on November 8, 2001.

In the ensuing years, Pepe filed numerous motions, petitions, and applications, most of which were dismissed as untimely PCRA petitions. The instant PCRA petition was filed on May 6, 2022, with multiple supplements filed afterwards. The PCRA court authored two Rule 907 notices of intent to dismiss without a hearing—one on August 5, 2024, and one on November 6, 2024. Pepe responded to both notices. The PCRA court dismissed the PCRA petition and all supplements on April 29, 2025. Pepe filed a timely notice of appeal to this Court. The PCRA court did not order Pepe to file a Rule 1925(b) statement, nor did it author a new opinion, but it relied upon its opinion in support of its order dismissing the PCRA petition dated April 29, 2025. **See** Pa.R.A.P. 1925(a), (b).

Before we can address whether we have jurisdiction to entertain this appeal, we must note that Pepe's brief does not conform to our rules. His rambling, nearly incoherent, brief does not include a statement of jurisdiction, order or other determination in question, statement of both the scope and

_____

[3] 18 Pa.C.S.A. §§ 3121, 3123, 3701, 2702, 2901, 907, and 2706, respectively.

standard of review, and statement of the questions involved. *See* Pa.R.A.P. 2111(a).

Pepe's *pro se* status does not relieve him of his obligation to follow our rules. This Court's long-standing precedent holds that:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citations and quotation marks omitted).

This Court has consistently held that we "will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (internal quotation marks and citation omitted). "It is well-established that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Id.*** (brackets, internal quotation marks, and citation omitted). Stated another way, "[w]hen an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead we will deem the issue to be waived." ***Commonwealth v.***

*Pi Delta Psi, Inc.*, 211 A.3d 875, 884-85 (Pa. Super. 2019) (brackets, internal quotation marks, and citation omitted).

Here, Pepe's arguments are woefully underdeveloped. Pepe provides minimal case citation, not citing a single case in support of his rambling argument until page 26 of his brief, just before his conclusion. *See* Appellant's Brief, at 26-27. Pepe seems to concede that his PCRA petition below was untimely, as the title of his brief states "Letter Brief – PCRA appeal to invoke an exception to the timeliness provision of the Post Conviction Relief Act, 42 [Pa.C.S.A.] § 9545(b)(1)(i)-(ii)-(iii), of this appeal." *Id.* at 1 (unnecessary capitalization omitted). However, Pepe never discusses the timeliness exceptions nor provides any case law in support. We are unable to discern which timeliness exception Pepe is attempting to establish. We therefore find his issues waived for failing to develop them.

Even if we were not to find his claims waived, we would affirm the order of the PCRA court dismissing the PCRA petition as untimely filed. A PCRA petition must be filed within one year of the judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1). If the petitioner seeks to establish a timeliness exception, he must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petition and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Furthermore, the petitioner must file the PCRA petition establishing one of the timeliness exceptions within one year of when the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Here, to the extent we can discern Pepe's arguments, he is relying on information obtained years ago. In his first argument, Pepe cites to a motion filed in 2004. **See** Appellant's Brief, at 6. Clearly, the information in a motion filed in 2004 would not qualify for a timeliness exception at this time. Pepe further relies upon the Commonwealth's brief filed in this Court in 2010. **See id.** at 17. This information was known to Pepe in 2010 and cannot now establish a timeliness exception. Finally, Pepe discusses an "Alias Defendant" and claims the trial court utilized a criminal record from someone with the same name as him in his sentencing. **See id.** at 20. Pepe alleges he did not know this until the Pennsylvania Innocence Project told him. **See id.** Pepe does not explain when he received this information and why he could not have obtained it sooner with the exercise of due diligence, as is required by statute. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). We therefore find that even if Pepe's claims were not waived, he would not be entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/14/2026</u>