J-S05022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAYLA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 782 WDA 2022 |

Appeal from the Judgment of Sentence Entered June 2, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000345-2022

BEFORE: BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED: APRIL 17, 2023**

Kayla Williams appeals *pro se* from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following her summary conviction of one count of disorderly conduct.[1]  On appeal, Williams contests the imposition of $100.00 in fines and costs associated with her conviction. Upon review, we dismiss this appeal.

Briefly, Williams' summary conviction stems from a series of noise complaints that occurred on December 11, 2021, at 412 Lincoln Avenue, Apartment 3.  Shortly after 2:00 a.m., Officer Lawrence Gump, Carnegie Police Department officer, responded to a noise complaint, but was unable to contact Williams after knocking on her apartment door.  Later, at approximately 3:14

_____

[1] 18 Pa.C.S.A. § 5503(a).

a.m., Officer Gump received a second dispatch call for loud music coming from the same apartment. Upon arrival, Officer Gump could hear loud music coming from Williams' apartment. Officer Gump knocked on Williams' door but received no response. Because Officer Gump was unable to make contact with Williams during this second attempt, he issued Williams a citation for disorderly conduct.[2]

On February 17, 2022, Williams was found guilty by a magistrate judge of disorderly conduct. Williams filed a timely summary appeal to the trial court, and, on June 1, 2022, she was convicted of the summary offense of disorderly conduct, fined $100, and ordered to pay the costs of prosecution. This timely *pro se* appeal follows. The trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Williams to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days. Williams failed to file a Rule 1925(b) statement.

Preliminarily, we note that "*pro se* litigant[s] must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa. Super. 2014). Instantly, we are constrained to dismiss Williams' appeal due to her failure to

---

[2] When asked how he knew Ms. Williams was inside of the apartment, Officer Gump testified that, during the hearing before the magistrate, Williams testified that she was in her apartment but did not want to answer because she is afraid of the police. Williams also testified at her trial *de novo* that she was home and playing music when Officer Gump arrived at her apartment. *See* N.T. Trial, 6/1/22, at 22.

comply with Rule 1925(b). Williams' failure to file a 1925(b) order warrants finding all her issues waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph are waived.").[3] Thus, the issues Williams raises on appeal are waived.

Even if we had not deemed Williams' issues waived on appeal, we would dismiss her appeal for a woefully deficient *pro se* brief that materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111(a). Specifically, Williams' brief entirely omits or does not adequately include the following: a statement of jurisdiction, reference to the order or determination in question, statements of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, and argument. **See** Pa.R.A.P. 2111(a)(3), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119(a)-(f). Her brief contains no citations to the certified record or to legal authority, as are required by 2119(c) and (b), respectively. Instead, Williams' brief is a half-page in length and written in numbered paragraphs. Williams' disregard for

---

[3] While rule 1925(c)(3) allows an appellate court to remand the matter for the appointment of new counsel and preparation of a concise statement in criminal cases where counsel has provided *per se* ineffective assistance by failing to comply with Rule 1925, "pro se appellants are excluded from this exception to the waiver doctrine." **See** Pa.R.A.P. 1925 Note: Subparagraph (c)(3) ("This subparagraph allows an appellate court to remand in criminal cases only when an appellant, who is represented by counsel, has completely failed to respond to an order to file and serve a Statement or has failed to do so timely.").

the Rules of Appellate Procedure have left this Court unable to conduct meaningful review. Accordingly, we dismiss this appeal. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief [] are substantial, the appeal [] may be. . . dismissed). *See also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("Although this Court is willing to construe liberally material filed by a *pro se* litigant, *pro se* appellants enjoy no special benefit."); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (an appellate court "[w]ill not act as counsel and will not develop arguments on behalf of an appellant[;]" when defects in brief impede ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived).

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2023