J-S41016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER FINK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARA E. WHITE | : | |
| | : | |
| Appellant | : | No. 822 WDA 2023 |

Appeal from the Order Entered June 16, 2023
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 2018-3512

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: NOVEMBER 20, 2023**

Appellant, Kara E. White ("Mother"), appeals from the order entered June 16, 2023, denying her petition to modify a custody arrangement with Christopher Fink ("Father") regarding the parties' child, B.K.W. (hereinafter, the "Child").  We affirm.

The facts and procedural history of this case are as follows.

> Pursuant to an [o]rder of [c]ourt dated August 25, 2020, entered into by agreement of the parties, the parties began sharing physical custody of the [Child] in January of 2021[,] pursuant to the schedule set forth in the [o]rder, and subject to an extremely detailed holiday schedule[,] also set forth in the [o]rder.

> [Thereafter, t]he parties agreed to deviate from the schedule set forth in the [August 25, 2020 order.]  Father [began] exercis[ing] physical custody of the [Child] from Tuesday at noon to Thursday at noon and every other weekend.

---

[*] Former Justice specially assigned to the Superior Court.

Trial Court Order and Opinion, 6/16/23, at *1-*2 (unpaginated).

On July 26, 2022, Mother filed a petition to modify custody, seeking primary custody of the Child, subject to Father's periods of partial custody. In light of Mother's petition, the trial court directed the guardian *ad litem* ("GAL"), Tara Mooney, Esquire ("Attorney Mooney"), to "assume her duties" to "meet with the parties and the [C]hild, together with any other individuals she deem[ed] appropriate," and prepare and file a written report thereafter. Trial Cout Order, 10/6/22, at *2 (unpaginated). Pursuant to the trial court's order, Attorney Mooney filed an updated report on November 15, 2022.

The parties proceeded to a custody trial on May 30, 2023. On June 16, 2023, the trial court issued an order denying Mother's petition to modify custody. Trial Court Order, 6/16/23, at *1 (unpaginated). The trial court, therefore, directed the parties to "continue to share legal custody of . . . B.K.W. . . . as that term was previously defined in the [August 25, 2020 order]." **Id.** The trial court, however, stated that "effective Wednesday, June 28, 2023, the schedule of physical custody will change in that [] Father will have physical custody of the minor child from Wednesday at 3:00 p.m. to Friday at 3:00 p.m. and every other weekend." **Id.** This timely appeal followed.

Mother raises the following issues on appeal:

1. Whether the trial court erred and abused its discretion by issuing a final order based on the report of [the GAL], where the GAL failed to conduct a proper investigation, failed to meet with the [C]hild regularly and where the trial [court] had observed the parties for a longer period in court during

- 2 -

the pretrial conference and a full day [of trial] than [the] GAL [] spent with the parties in three years[?]

2. Whether the trial court erred and abused its discretion by affording "significant weight" to the conclusions and recommendations of the GAL, where [the] GAL only met with the [C]hild for 15 minutes in three years during a brief conference at the preschool, which also included time spent speaking with a preschool teacher and where the GAL's recommendations were primarily based upon unsupported assumptions[?]

3. Whether the trial court committed an error of law and/or abused its discretion in failing to engage in a fact-specific analysis of the best interest factors, including the weight of such factors, and whether the legal conclusions of the court were not supported by competent evidence where the uncontradicted facts established that it would be in the best interest of the [C]hild to modify custody[?]

4. Whether the trial court committed an abuse of discretion and/or error of law by denying Mother's motion to modify custody after failing to engage in an analysis of the best interest factors, but proceeded to grant Father's proposed changes to custody based upon Father's testimony that he intended to change his work schedule at some point in the future[?]

Mother's Brief at 3-5.

"Our standard of review over a custody order is for a gross abuse of discretion." **Yates v. Yates**, 963 A.2d 535, 538 (Pa. Super. 2008) (citation omitted). An abuse of discretion will be found if "a trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record." **Id.**

Moreover, in reviewing a custody order:

- 3 -

We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Klos v. Klos*, 934 A.2d 724, 728 (Pa. Super. 2007) (citation omitted). As with any custody matter, the paramount concern is the best interests of the children involved. *See id.*

*A.L.B. v. M.D.L.*, 239 A.3d 142, 147–148 (Pa. Super. 2020).

In Mother's first two appellate issues, she argues that the trial court erroneously "delegat[ed] its judicial power to a non-judicial officer" by giving "[significant] weight" to Attorney Mooney's recommendation. Mother's Brief at 11 and 14, *citing C.W. v. K.A.W.*, 774 A.2d 745 (Pa. Super. 2001). Mother claims that the trial court's error is compounded by the fact that Attorney Mooney's recommendation was based upon minimal contact with the Child, Mother, and Father and, as such, contained "glaring omissions." Mother's Brief at 14.

"A [GAL] is appointed by the court to represent a minor child in particular litigation. The function of the [GAL] is to represent and protect unrepresented minors and their interests." *C.W.*, 774 A.2d at 748-749. "A guardian is not a judicial or quasi-judicial officer." *Id.* at 749. While a trial

court is permitted to consider the GAL's recommendations, it is prohibited from "delegat[ing to the GAL] its judicial powers." *Id.*

Herein, Mother relies on *C.W.*, *supra*, to support her allegations that the trial court improperly "delegat[ed] its judicial power to a non-judicial officer," the GAL. Mother's Brief at 14. "The circumstances in *C.W.*, however, were far different from those in the instant case." *A.L.B.*, 239 A.3d at 149.

> In *C.W.*, this Court found that the trial court [] improperly delegated its judicial duties to the GAL where the trial court: declared that the GAL had "taught me my job"; repeatedly solicited the GAL's advice on how to rule on certain objections during the custody hearing; stated that it gave great weight to the GAL's recommendations; and then issued a custody order on the same date as the GAL submitted his recommendations which closely followed those recommendations.

*Id.* at 149-150 (internal citations omitted). Unlike in *C.W.*, there is no evidence that the trial court solicited Attorney Mooney's advice with respect to evidentiary rulings, "nor does [Mother] point to any place in the record where [s]he believes this to have occurred." *A.L.B.*, 239 A.3d at 150. In further contrast to the trial court in *C.W.*, the trial court herein described its reliance on Attorney Mooney's recommendation as follows:

> Although not binding on this [c]ourt, the conclusions and recommendations of the GAL will be afforded significant weight.

*Id.* at *8 (unpaginated). A fair reading of the trial court's statement demonstrates that it initially recognized that it was not required to follow Attorney Mooney's recommendation, but nonetheless considered her recommendation to be important to its determination. In so doing, the trial

court did not "create[] any appearance of impropriety, much less one akin to that which arose in *C.W.*" *A.L.B.*, 239 A.3d at 150. Thus, Mother's claim lacks merit.

In Mother's third issue, she argues that the trial court erred in denying her petition to modify custody. In particular, Mother claims that trial court "failed to conduct an analysis of the custody factors." Mother's Brief at 18. Simultaneously, however, Mother argues that the trial court's analysis of the relevant custody factors is unsupported by "sufficient reasoning and competent evidence." *Id.* We disagree with both contentions.

This Court previously explained:

> The Child Custody Act contains two sets of factors the courts must consider, depending on the type of action. *See* 23 Pa.C.S.A. § 5328(a)(1)-(16); *see also* 23 Pa.C.S.A. § 5337(h). Section 5328(a) provides: "In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including [factors 1 through 16.]" *Id.* We have held the court must conduct a Section 5328(a) analysis when a party seeks to modify the type of custody award[ed]. *See A.V. v. S.T.*, 87 A.3d 818, 824 n.4 (Pa. Super. 2014); *see also* 23 Pa.C.S.A. § 5338 ("Modification of existing order[]"); and[,] *see* 23 Pa.C.S.A. § 5323(a) ("Award of custody[]").

*E.C.S. v. M.C.S.*, 256 A.3d 449, 453 (Pa. Super. 2021). The relevant factors set forth in Section 5328(a) are as follows:

> (a) **Factors**.--In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by

- 7 -

another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa. C.S.A. § 5328(a). Importantly, "[a]ll of the factors listed in Section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2001) (citation and emphasis omitted).

A review of the record herein demonstrates that the trial court, in its June 16, 2023 opinion, articulated the reasons for its decision. In so doing, the trial court addressed each of the custody factors set forth in Section 5328(a). Moreover, the record supports the trial court's factual findings and consideration of the Section 5328(a) factors, and we decline Mother's invitation to reweigh the evidence in her favor. *See M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) ("We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand."). We therefore conclude that no relief is due.

In her final issue, Mother challenges the trial court's decision to grant Father's proposed changes to the custody agreement. Mother's Brief at 32-33.

In particular, Mother claims that the trial court erred in shifting Father's period of custody from Tuesday at noon to Thursday at noon and every other weekend to Wednesday at 3:00 p.m. to Friday at 3:00 p.m. and every other weekend. Mother argues that the trial court made this change based solely upon Father's testimony that he "'hoped' to change his work schedule in the future." *Id.* at 33.

This section of Mother's brief, however, does not contain any citation to or discussion of relevant legal principles. Moreover, Mother does not set forth any argument as to how the trial court erred or why she is entitled to relief. "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (internal citation omitted); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."). We therefore conclude that Mother's final claim is waived.[1]

Order affirmed.

---

[1] Even if we were to consider the merits of Mother's claim, no relief is due. A review of the transcripts of testimony, as well as the trial court's June 16, 2023 opinion, demonstrates that the trial court noted that Father's work schedule "is not ideal for attending to the [Child's] needs, [but] he does an admirable job making it work." Trial Court Opinion, 6/16/23, at *6 (unpaginated). It is therefore apparent that the trial court based its decision on Father's current work schedule, not Father's testimony expressing an intention or hope to make a future change.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/20/2023