J-S09007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINCY JONES | : | |
| | : | |
| Appellant | : | No. 1306 EDA 2023 |

Appeal from the PCRA Order Entered May 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0201121-2004

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED JUNE 25, 2024**

Quincy Jones appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on May 1, 2023, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because Jones has substantially failed to comply with the Rules of Appellate Procedure, we quash this appeal.

A detailed recitation of the factual and procedural history is unnecessary given our disposition. Briefly, Jones was convicted of aggravated assault, recklessly endangering another person, simple assault, and possessing instruments of crime after he stabbed a fellow inmate in the eye during a fight.[1] On July 28, 2017, Jones filed a *pro se* PCRA petition. Counsel was

---

[1] 18 Pa.C.S. §§ 2702(a)(4), 2705, 2701(a)(1), and 907(a), respectively.

appointed, but Jones requested to proceed *pro se*. A **Grazier**[2] hearing was held, and Jones was permitted to represent himself. After multiple motions, responses, and an amended PCRA petition, the PCRA court issued a Rule 907 notice of intent to dismiss Jones' petition on August 2, 2022. **See** Pa.R.Crim.P. 907(1) (requiring a PCRA court to issue a notice of intent to dismiss a PCRA petition without a hearing to allow the petitioner the opportunity to respond before the court may dismiss the PCRA petition). However, Jones asserted he did not receive it in time to respond. The PCRA court re-issued its Rule 907 notice on January 30, 2023. Jones responded on February 16, 2023. On May 1, 2023, the PCRA court dismissed his PCRA petition. Jones filed a timely notice of appeal. Instead of filing a statement of errors complained of on appeal as ordered, Jones filed a document entitled "Jurisdiction Basis for Appeal." **See** Jurisdiction Basis for Appeal, 6/12/23, at 1; Pa.R.A.P. 1925(b). The PCRA court construed this as a Rule 1925(b) statement and filed a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925.

We cannot reach the merits of Jones' appeal because Jones' brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2135, thus impeding our review. "[B]riefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial."

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

*Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted); *see* Pa.R.A.P. 2101 (if the brief of the appellant fails to conform with the Rules of Appellate Procedure in all material respects the appeal may be quashed). While we are "willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Id.* A *pro se* appellant still must comply with our Rules of Appellate Procedure. *See id.*

Rule 2111 requires that the brief of the appellant include the following:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

***

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions [delivered by the lower court].

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

- 3 -

Pa.R.A.P. 2111(a).

Jones' brief does not include any of the above requirements. While the brief does have a section titled "Conclusion," it does not state the precise relief he seeks. Jones does end his "Conclusion" with the statement: "This conviction sould (sic) be over turned (sic)," but that is not a statement in accordance with Rule 2111(a) of the Pennsylvania Rules of Appellate Procedure, which require "[a] short conclusion stating the *precise* relief sought." Pa.R.A.P. 2111(a) (emphasis added). Furthermore, this is an appeal from a post-conviction proceeding. Jones does not state what decision of the PCRA court he is requesting us to review and reverse. Whether it would be because of ineffectiveness of counsel or because of a **Brady** violation, Jones does not state the relief from the PCRA Court which he wishes us to overturn.

Jones' entire brief is 6 pages, does not provide a statement of jurisdiction, determination in question, standard and scope of review, statement of questions, statement of the case, or summary of argument; it rarely cites to the record, and cites to only two authorities, **Strickland v. Washington**, 466 U.S. 668 (1984) and **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987), without a full discussion of how they apply to his arguments. **See** Pa.R.A.P. 2111(a), 2119 (argument section must include citations to relevant authorities along with references to the record). Jones' brief also does not include the opinions from the PCRA court, his statement of errors (or, as he calls it, "Jurisdiction Basis for Appeal"), or the certificates of compliance.

As Jones' brief flagrantly ignores the Rules of Appellate Procedure, we are unable to review his claims. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."). Therefore, we quash his appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/25/2024</u>