J-S32029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ICYBELLE FINDLATER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: PAULINE WELLINGTON-MCGHIE | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3152 EDA 2023 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-X4654

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED SEPTEMBER 17, 2024**

Pauline Wellington-McGhie ("Pauline") appeals, *pro se*, from the order, entered in the Court of Common Pleas of Montgomery County, Orphans' Court Division, removing her as Executrix of the Will of Icybelle Findlater, Deceased ("Decedent"), and appointing an independent administrator d.b.n.c.t.a. We quash.

Due to our disposition, a lengthy recitation of the facts and procedural history of this matter is unnecessary. In brief, Decedent died on January 25, 2022, leaving a will in which Pauline was named as executrix. Letters Testamentary were granted to Pauline on December 29, 2022. Thereafter, Pauline's sister, appellee Paulette Lennard ("Paulette"), filed a petition to remove Pauline as executrix. Following a hearing, on December 1, 2023, the Orphans' Court issued an order removing Pauline as executrix and appointing Gregory W. Philips, Esquire, as administrator d.b.n.c.t.a. of Decedent's estate

("Administrator"). Pauline filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to reviewing the merits of Pauline's appeal, we must address the application to quash filed by Administrator, in which he asserts that we should quash the appeal due, *inter alia*, to numerous deficiencies in Pauline's brief. Upon review of Pauline's brief, we agree that the appeal should be quashed.

Pauline's *pro se* brief fails to comply with the Rules of Appellate Procedure. The brief does not contain the order in question, a statement of the scope and standard of review, or an argument. ***See*** Pa.R.A.P. 2111(a). Pauline's statement of jurisdiction invokes 28 U.S.C. § 1292, a federal statute governing the jurisdiction of U.S. courts of appeals over interlocutory decisions. Finally, the brief is devoid of citation to relevant caselaw or statutory authority. ***See*** Pa.R.A.P. 2119(a).

Pauline's status as a *pro se* litigant does not relieve her of her obligation to adhere to the Rules of Appellate procedure.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon [an] appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted). Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.

Super. 2014). "[W]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Because Pauline's brief contains no legal argument and fails to comply with the Rules of Appellate Procedure, we are unable to engage in meaningful appellate review. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/17/2024