J-S26014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS MANUEL TORRES | : | |
| | : | |
| Appellant | : | No. 109 MDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001961-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS MANUEL TORRES | : | |
| | : | |
| Appellant | : | No. 497 MDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001962-2010

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA
                                                         :
            v.                                     :
                                                         :
                                                         :

JESUS MANUEL TORRES                 :
                                                         :
            Appellant                 :       No. 498 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001965-2010

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA
                                                         :
            v.                                     :
                                                         :
                                                         :

JESUS MANUEL TORRES                 :
                                                         :
            Appellant                 :       No. 499 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001967-2010

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           : PENNSYLVANIA
                                           :
            v.                            :
                                           :
                                           :
JESUS MANUEL TORRES           :
                                           :
            Appellant               : No. 500 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001973-2010

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                           :
            v.                            :
                                           :
                                           :
JESUS MANUEL TORRES           :
                                           :
            Appellant               : No. 501 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001975-2010

J-S26014-24

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
    :
    v.    :
    :
    :
JESUS MANUEL TORRES    :
    :
    Appellant    :    No. 502 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001983-2010

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:    **FILED: OCTOBER 8, 2024**

Jesus Manuel Torres appeals from the order entered in the Lebanon County Court of Common Pleas dismissing his petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.[1] We are without jurisdiction to hear Torres' claims as the PCRA petition, his second, was untimely filed and Torres has not asserted a timeliness exception. Additionally, Torres has substantially failed to comply with the Rules of Appellate Procedure. Therefore, as we explain below, we quash this appeal.

Given our disposition, a detailed factual and procedural history is unnecessary. Briefly, Torres pled guilty to multiple charges related to drug

---

[1] We consolidated these appeals *sua sponte* on April 16, 2024, as the appeals all stem from the same order. **See** Pa.R.A.P. 513.

trafficking on March 30, 2011.[2] His plea was entered pursuant to a negotiated plea deal where the Commonwealth agreed to an aggregate sentence of six to fifteen years' incarceration. The trial court sentenced Torres in accordance with the agreement on April 27, 2011. Torres did not file a direct appeal.

The instant PCRA petition is Torres' second and was filed on November 9, 2023. On November 30, 2023, the PCRA court issued a Rule 907 notice of intent to dismiss as Torres' PCRA petition was untimely filed and did not raise any timeliness exception. On December 13, 2023, Torres filed a response to the notice, but did not assert a timeliness exception. On January 9, 2024, the PCRA court dismissed Torres' PCRA petition. Torres filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

As stated above, we are without jurisdiction to hear Torres' claims as the PCRA petition was untimely filed and Torres has not asserted a timeliness exception, either before the PCRA Court or in this appeal. *See Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (noting that the PCRA

---

[2] Specifically, seven counts of possession with intent to deliver, 35 P.S. § 780-113(a)(30); one count of possession of a controlled substance, 35 P.S. § 780-113(a)(16); one count of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32); two counts of conspiracy to commit possession with intent to deliver, 18 Pa.C.S.A. § 903(a)(1); six counts of criminal use of communication facility, 18 Pa.C.S.A. § 7512(a); and two counts of conspiracy to commit criminal use of communication facility, 18 Pa.C.S.A. 903(a)(1).

timeliness requirements are jurisdictional, and a court may not address the merits of a PCRA petition unless the petition is timely filed).

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A PCRA petition may be filed beyond that one-year time period only if the defendant pleads and proves one of three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*.

Additionally, we cannot reach the merits of Torres' appeal because Torres' brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2135, substantially impeding our review. "[B]riefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted); **see** Pa.R.A.P. 2101 (if the brief of the

appellant fails to conform with the Rules of Appellate Procedure in all material respects the appeal may be quashed). Although we are "willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Tchirkow**, 160 A.3d at 804. "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely[.]" **Commonwealth v. Johnson**, 236 A.3d 1141, 1151 (Pa. Super. 2020) (citation omitted).

Rule 2111 requires that the brief of the appellant include the following:

(1)  Statement of jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

\*\*\*

(8)  Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

(10) The opinions [delivered by the lower court].

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Torres' entire brief is five pages long and does not include a statement of jurisdiction, order or other determination in question, statement of the scope and standard of review, statement of the questions involved, statement of the case, summary of the argument, or argument. **See** Appellant's Brief (unpaginated). Torres' presents his brief in numbered paragraphs wherein he includes his argument. **See id.** Torres, to his credit, does include a short conclusion stating the precise relief he seeks and attached the PCRA court's order dismissing his PCRA petition. **See id.** However, Torres does not attach the PCRA court's Rule 1925(a) opinion nor his Rule 1925(b) statement. Because Torres' brief flagrantly ignores the Rules of Appellate Procedure and substantially impedes our review, we quash his appeal.

Appeal quashed.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/08/2024

- 8 -