J-S40039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ANTONIO ILLIANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 72 MDA 2025 |

Appeal from the Order Entered December 30, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-MD-0003334-2024


BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: DECEMBER 23, 2025**

Antonio Illiano (Appellant) appeals, *pro se*, from the order denying Appellant's petition for review of the District Attorney of Lancaster County's (DA) denial of his private criminal complaint.  After careful review, we affirm.

In 2020, Appellant, who was 52 years old at the time, began communicating with an individual online, whom Appellant believed to be a 15-year-old girl.  In fact, the purported minor was an adult "online vigilante" named Justin Perry (Mr. Perry).  During subsequent text-message communications with Mr. Perry, Appellant solicited sexual relations and planned to meet with the purported minor.  "When Appellant arrived at a[] pre-determined destination, he was confronted by Mr. Perry, who openly filmed and posted the encounter on … Facebook."  Rule 1925(a) Opinion, 3/14/25, at 2 (unnumbered).

Based on the digital evidence, which was provided to police, the Commonwealth charged Appellant with various criminal offenses in connection with the incident. On August 8, 2022, Appellant entered a guilty plea, at trial court docket number CP-36-CR-0002973-2021, to one count each of attempted sale of obscene material, soliciting sexual abuse of children, criminal use of a communication facility, and attempted corruption of minors.[1] On the same date, in accordance with the guilty plea, the trial court sentenced Appellant to 2½ to 5 years in prison.

On July 26, 2024, Appellant filed a private criminal complaint with the DA, "seeking to have Mr. Perry charged with violations of the Pennsylvania Wiretapping and Electronic Control Act [(the Wiretap Act)], 18 Pa.C.S.A. §[ ]5701 *et seq.*" Rule 1925(a) Opinion, 3/14/25, at 2 (unnumbered).[2] The DA denied Appellant's private criminal complaint, citing a lack of prosecutorial merit.

---

[1] 18 Pa.C.S.A. §§ 901(a) (criminal attempt), 5903(a)(2), 902(a) (criminal solicitation), 6312(b), 7512(a), 6301(a)(1)(ii).

[2] Only the cover page of the private criminal complaint—which does not detail the basis for the complaint—is contained in the certified record. ***See Commonwealth v. Bongiorno***, 905 A.2d 998, 1001 (Pa. Super. 2006) (*en banc*) (explaining that "the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant"). We note that the trial court and Appellant both identify alleged Wiretap Act violations as the basis for the private criminal complaint. ***See*** Rule 1925(a) Opinion, 3/14/25, at 2 (unnumbered); ***see also*** Appellant's Brief at 3 (arguing Mr. Perry recorded the parties' interaction and posted the video on social media without Appellant's consent).

Appellant filed *pro se* correspondence in the trial court on November 24, 2024, which the trial court treated as a petition for review of the DA's denial of his private criminal complaint. The Commonwealth filed an answer. On December 30, 2024, the trial court entered an order denying Appellant's petition for review. The instant appeal followed.[3, 4]

Initially, we observe Appellant's brief fails to comply with several of our Rules of Appellate Procedure, including Pa.R.A.P. 2111(a) (detailing the required sections of an appellant's brief), 2116(a) (statement of questions involved), 2117 (statement of the case), 2118 (summary of argument), and

_____

[3] After filing his notice of appeal, Appellant filed a *pro se* motion to recuse Andrew J. Gonzalez, Esquire (ADA Gonzalez), the assistant district attorney representing the Commonwealth in the instant matter. Appellant argued ADA Gonzalez improperly "fails to see the crimes committed by [Mr.] Perry" because evidence provided by Mr. Perry formed the basis of Appellant's criminal convictions. Motion to Recuse, 1/15/25, at 1. The trial court did not rule on this motion, as Appellant's notice of appeal had deprived it of jurisdiction.

[4] On January 28, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant did not file a Rule 1925(b) concise statement. However, as the trial court pointed out, Appellant filed a *pro se* document (which he titled a "notice of appeal") within the 21-day time period. The trial court addressed the claims raised by Appellant in his "notice of appeal," in the court's Rule 1925(a) opinion. **See** Rule 1925(a) Opinion, 3/14/25, at 3 (unnumbered) ("liberally constru[ing]" Appellant's *pro se* filing as a concise statement and identifying two alleged errors for review); **see also Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (explaining that courts may liberally construe *pro se* filings). We agree that Appellant's *pro se* filing could be construed as the functional equivalent of a Rule 1925(b) concise statement, and we decline to find Appellant's appellate issues waived on this basis.

2119(a) (requiring an appellate argument to be "divided into as many parts as there are questions to be argued").

Our Supreme Court has explained:

The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted.

***Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011). While we may liberally construe *pro se* filings, ***see Tchirkow***, ***supra***, "*pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005).

We could deem Appellant's issues waived based on his numerous rule violations and his failure to identify his claims of error. Nevertheless, we will briefly address Appellant's arguments to the extent we are able to discern them.

Appellant challenges the trial court's order denying his petition for review following the DA's denial of his private criminal complaint. Appellant argues, as he did in the private criminal complaint and before the trial court, that Mr. Perry violated the Wiretap Act by recording his interaction with Appellant and posting the video online without Appellant's consent. ***See*** Appellant's Brief at 3. Appellant also argues the DA's denial of his private criminal complaint amounted to bad faith, in light of the criminal case filed against him. ***Id.*** at 2; ***see also id.*** at 1 (asserting ADA Gonzalez has a conflict

of interest, because Mr. Perry was a critical witness against Appellant in the criminal case).

Pennsylvania Rule of Criminal Procedure 506 permits a private citizen to file private criminal complaints against another individual before an appropriate issuing authority:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without reasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

"[T]he appellate standard of review for a trial court's review of a district attorney's disapproval of a private, criminal complaint is the same as any other sufficiency-of-the-evidence review: *de novo*." **In re Private Criminal Complaint Filed by Animal Outlook**, ___ A.3d ___, 2025 WL 3493743 (Pa. Super. filed Dec. 5, 2025); **see also In re Ajaj**, 288 A.3d 94, 109 (Pa. 2023) ("denounc[ing] the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision").

In **Ajaj**, our Supreme Court explained that a court of common pleas may only overturn a prosecutor's disapproval decision if

> the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. … [B]ad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose.

**In re Ajaj**, 288 A.3d at 109; **In re Animal Outlook**, ___ A.3d ___, 2025 WL 3493743 ("Absent affirmative proof of bad faith, fraud, or unconstitutionality, the district attorney is free to prosecute whatever crimes he or she chooses.").

Instantly, we discern no impropriety in the trial court's decision to deny Appellant's petition for review. Appellant primarily argues there is sufficient evidence to convict Mr. Perry for violations of the Wiretap Act. Our review precludes us from reassessing the evidence supporting a private criminal complaint. Appellant has not alleged or proven the DA acted with a fraudulent, dishonest, or corrupt purpose in disapproving his private criminal complaint.

Regarding Appellant's conflict of interest argument, the trial court reasoned as follows:

> Appellant finds it improper that ADA Gonzalez, the prosecutor litigating Appellant's appeal [in the instant case],[5] should have any part in this matter because he or his office cooperated with Mr. Perry in securing Appellant's conviction. In Appellant's eyes, this constitutes bad faith.
>
> Nevertheless, Appellant has failed to demonstrate that a conflict of interest exists in the first instance. By nature of the

---

[5] Appellant does not allege that ADA Gonzalez was in any way involved in the criminal case.

- 6 -

office, the ethical and professional obligations of a prosecutor differ from those of other attorneys[.] …

Due to their unique position, the mere appearance of impropriety is insufficient to disqualify a prosecutor. Rather, an actual conflict must exist, which our courts have recognized where the district attorney possesses a "non-economic, personal interest in the matter," as well as those matters in which []he has a financial interest in the outcome of the prosecution. An actual conflict may also be found through the application of Rule 1.9 of the Pennsylvania Rules of Professional Conduct, Duties to Former Clients. Of course, for that rule to apply, the individual in question would have to be a former client of the prosecutor.

Under the relevant conflict standards, Appellant's averments do not amount to an actual conflict of interest. He has plead [*sic*] nothing by way of a financial or personal interest that ADA Gonzalez may have in the proposed prosecution of Mr. Perry. Furthermore, Mr. Perry is not a client of the Commonwealth. As with any witness, the Commonwealth holds no fiduciary obligation to Mr. Perry,[FN] and there is no suggestion that ADA Gonzalez—or any member of his office—has previously represented Mr. Perry.

---

[FN] Because Appellant's underlying conviction was obtained through a plea, the court questions Appellant's characterization of Mr. Perry as witness insofar as the label denotes a specific participa[nt] in a proceeding. Regardless, it is evident that Mr. Perry is not a client whose interest the Commonwealth would have a duty to advance.

---

Because Appellant's allegation of bad faith is predicated on a conflict of interest, and the court cannot find an actual conflict or any impropriety in ADA Gonzalez['s] or his office's conduct, Appellant has failed to carry his burden.

Rule 1925(a) Opinion, 3/14/25, at 5-6 (unnumbered) (citations omitted; one footnote in original; one footnote added).

We agree that Appellant's bald assertion of bad faith, premised on a conflict of interest, is unsupported by the facts or the record. Because

Appellant fails to establish the DA's disapproval decision "amounted to bad faith, occurred due to fraud, or was unconstitutional," **In re Ajaj**, 288 A.3d at 109, we cannot reverse that decision, or the trial court's denial of Appellant's petition for review. **See id.** at 111 (stating that "this Court cannot interfere with the prosecutor's discretionary decision given that the evidence of record does not establish that the DA's disapproval decision was improper."). We therefore affirm the trial court's order denying Appellant's petition for review.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025