J-S08001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP DAVID SEBRELL | : | |
| | : | |
| Appellant | : | No. 1244 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004150-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP SEBRELL | : | |
| | : | |
| Appellant | : | No. 1286 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001077-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED MAY 19, 2026**

Phillip Sebrell appeals from the judgments of sentence entered by the
Montgomery County Court of Common Pleas on February 15, 2024, after a
jury found him guilty of several counts of indecent assault against a child and
related offenses in a bifurcated trial[1] and his subsequent negotiated guilty

_____

[1] CP-46-CR-0001077-2022.

pleas[2] to counts of sexual assault and related offenses against two other victims under both of the instant dockets. On appeal, Sebrell challenges the trial court's denial of a motion to suppress, as well as the sufficiency of the evidence, related to the bifurcated trial portion of this matter. Because we find his claims are waived or without merit, we affirm.

The trial court summarized the history of this case as follows:

On or around September 14, 2021, the Limerick Township Police Department assigned Detective Ernie Morris to investigate a referral from a child officer from the Office of Children and Youth ["OCY"] regarding a minor that had sent sexually explicit images to [Sebrell]. On September 15, 2021, Detective Morris, along with Homeland Security Special Agent Lisa Reinhold, arrived at the Sanatoga Pharmacy in Lower Pottsgrove Township, Montgomery County, to speak with [Sebrell] about the allegations in the OCY referral. Upon Detective Morris's arrival, he observed [Sebrell] behind the counter either filling a prescription or doing administrative work as a pharmacist and one of two owners of the pharmacy.

Because of the nature of the investigation, Detective Morris and Special Agent Reinhold were trying to be discreet and eventually suggested that [Sebrell] could come to police headquarters to speak with them. [Sebrell] followed behind Detective Morris to the police station in his personal vehicle. After parking his vehicle, [Sebrell] met the officers and went inside the police station. Detective Morris led [Sebrell] to an unsecured interview room and explained more than once that [Sebrell] was free to leave at any time. Before Detective Morris asked specific questions about the case, and even though [Sebrell] was not in custody, Detective Morris read [Sebrell] the *Miranda*[3] warnings and then handed [Sebrell] the warnings and asked him to read them. Once [Sebrell] completed and signed the *Miranda* Warnings form, Detective Morris proceeded to conduct a question-and-answer Statement

_____

[2] CP-46-CR-0004150-2022.

[3] *Miranda v. Arizona*, 384 U.S. 436, 467–69 (1966).

with [Sebrell] beginning at 6:30 p.m. After printing out the Statement, Detective Morris gave it to [Sebrell] for his review and to make any corrections that [Sebrell] wanted to make. [Sebrell] took an extended period of time to read over the Statement, made several corrections and added a handwritten note on page 14. [Sebrell] initialed his corrections and signed the bottom of each page.

During his interview [Sebrell] admitted[] that he had exchanged sexually explicit photographs and videos with the seventeen-year-old female cousin (["]J.S.["]) of his wife and that he had inappropriately touched his wife's ten or eleven-year-old sister ("N.D.") that they later adopted. After several weeks of conducting additional investigation, Detective Morris presented an affidavit of probable cause and application for a warrant for [Sebrell]'s arrest on January 28, 2022, under docket 1077-2022.

On March 11, 2022, Detective Morris interviewed a woman ("Sarah M") who alleged [Sebrell] had sexually assaulted her at his Sanatoga Pharmacy after he had been compensating her for sending him nude images for approximately five (5) years. Detective Morris then contacted Detective Daniel Kienle of the Lower Pottsgrove Township Police Department as the Pharmacy was located in Lower Pottsgrove Township. Following their investigation, the detectives filed a complaint charging [Sebrell] with attempted rape, attempted sexual assault, and related offenses under docket 4150-2022. On January 10, 2023, [Sebrell], through counsel, filed a motion to suppress his September 15, 2021 statement and to sever the charges brought by the two alleged victims on docket 1077-2022.

At the suppression hearing on February 23, 2023, the court found Detective Morris's testimony to be consistent and very credible. [Sebrell] also testified at the suppression hearing. The court found [Sebrell]'s testimony to be self serving and largely incredible. Judge Rogers denied [Sebrell]'s motion to suppress the statement by order docketed on July 24, 2023, but granted his request to sever the charges as to each victim and hold two separate trials. At the call of the trial list on August 9, 2023, [Sebrell] elected to proceed with a jury trial on the charges brought on behalf of N.D., with the trial scheduled to begin on Monday, August 23, 2023. Following the three-day trial, the jury convicted [Sebrell] of several counts as noted above.

Three months later, the court issued an order on November 30, 2023, scheduling [Sebrell]'s second jury trial under docket 1077-2022 brought on behalf of J.S. to begin on January 16, 2024. On January 11, 2024, the court held a telephone conference at counsel's request to discuss, among other things, scheduling [Sebrell]'s potential guilty pleas to the charges under part 2 of docket 1077-22 involving J.S. and the charges under docket 4150-2022. The court issued an order on January 17, 2024, scheduling [Sebrell]'s guilty pleas on both dockets as well as a Sexually Violent Predator hearing for February 15, 2024. On that day, [Sebrell] entered separate negotiated pleas under the two dockets.

The court presided over [Sebrell]'s plea under docket 1077-2022 involving J.S. first. [Sebrell] pled guilty to two (2) counts of sexual abuse of children, a felony of the second degree. The negotiated sentence was one (1) to three (3) years concurrent in a state correctional facility, with a consecutive three-year period of probation on each count to also run concurrently. [Counsel] colloquied [Sebrell] on his rights, including: his right to a jury trial and that he would assist in picking the 14 people from the community, the Commonwealth's burden of proof, the maximum penalties and fines applicable to the charges, and his post sentence and appeal rights. [Sebrell] and [his counsel] had spent a lot of time on the day before going over the written guilty plea colloquy and [Sebrell] answered all of the applicable questions, initialed the bottom of each page and signed and dated the last page. [Counsel] also colloquied [Sebrell] on the amount of time that they had spent discussing the case, [Sebrell]'s options, and received confirmation from [Sebrell] that counsel had answered all of [Sebrell]'s questions and that [Sebrell] did not have any questions now. [The Commonwealth] provided the factual basis for the plea, which [Sebrell] admitted, and the maximum penalties.

Under docket 4150-2022 involving Sarah M., [Sebrell] pled guilty to count 3 for attempted sexual assault, a felony of the second degree. The negotiated sentence was one (1) to three (3) years in a state correctional facility, to run concurrent with the two counts under docket 1077-2022, plus a three year consecutive period of probation to also run concurrent with the counts under docket 1077-2022. [Counsel] thoroughly colloquied [Sebrell] on his rights, including: his right to a jury trial and that [Sebrell] would assist in picking 14 people from the community, the

Commonwealth's burden of proof, the maximum penalties and fines applicable to the charges, and his post sentence and appellate rights. [Counsel] also explained that [Sebrell] had the right to file pretrial motions, such as a motion to suppress evidence, that he was waiving by pleading guilty. Counsel explained [Sebrell]'s post sentence and appeal rights. [Counsel] reiterated with [Sebrell] that they had gone over the written guilty plea colloquy for this case the day before and [Sebrell] confirmed his answers to the applicable questions would be the same today. Finally, counsel reiterated that they had spent a good deal of time discussing the case, [Sebrell]'s options, and the documents that [Sebrell] was signing. [The Commonwealth] provided the factual basis for the plea, which [Sebrell] admitted, and the maximum penalties.

The court accepted [Sebrell]'s plea in both cases as knowingly, intelligently, and voluntarily entered and imposed the negotiated sentences on February 15, 2024. [Sebrell] did not file a post-sentence motion or a direct appeal in either case within the ten (10) day and thirty (30) day time periods, respectively. On September 24, 2024, [Sebrell] filed a pro se petition for post conviction collateral relief on each docket seeking the reinstatement of his direct appeal rights. [The trial court] appointed the Montgomery County Public Defenders Office to represent [Sebrell].

Trial Court Opinion, 8/12/25, at 2-7 (footnotes, citations, and unnecessary capitalization omitted). Following a conference, and by agreement with the Commonwealth, Sebrell filed a post-sentence motion *nunc pro tunc* at both dockets, seeking the withdrawal of his guilty pleas. The court denied the motions. Sebrell subsequently filed timely notices of appeal, followed by identical 1925(b) concise statements at each docket, in which Sebrell challenged the validity of his guilty pleas.

Sebrell thereafter filed, with this Court, an application for remand to the trial court in order to file a supplemental or amended 1925(b) concise

statement. Specifically, Sebrell stated he wished "to challenge the results of the trial court and the jury regarding his motion to suppress statement to law enforcement and the sufficiency of the evidence as to his convictions for N.D. under docket number CP-46-CR-000 1077-2022." Application for Remand, 9/19/25, at ¶ 40. In a *per curium* order, this Court denied the application for remand. However, we noted the denial was "without prejudice to [Sebrell]'s right to raise the issues in his application in [Sebrell's appellate] brief … ." Order, 11/3/25.

Seemingly based on the admittedly confusing language of that order, Sebrell raised the following two questions for our review in his appellate brief:

> 1. Did the trial court err[] in denying [Sebrell]'s motion to suppress statements?
>
> 2. Was the evidence at trial sufficient to sustain convictions for indecent assault?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Before we turn to the merits of Sebrell's claims, we must first determine if Sebrell preserved his claims for appellate review. The Commonwealth asserts that Sebrell's claims are waived for failure to include them in his Rule 1925(b) statement. **See** Appellee's Brief, at 13-14, FN3.

"It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citation omitted). "[A]n appellant's concise statement must identify the errors with sufficient

specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal." *Id.* (citation omitted). This is because "[t]he absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998). Sebrell's Rule 1925(b) statement does not raise any issues regarding his suppression motion or the sufficiency of the evidence supporting any of his convictions. However, we acknowledge that Sebrell has raised the instant issues on appeal based on the language of our November 3, 2025 order. Accordingly, we do not find them waived for this reason.

Nevertheless, we note that Sebrell's briefing of these issues fails to comply with our rules of appellate procedure. While Sebrell's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). While Sebrell presents two questions for our review, he includes 4 argument sections. In three of those sections, aside from general assertions of law, the actual argument is only one paragraph long.

Further, Sebrell failed to develop any of these sections with citations to the portions of the record that support his claims. *See* Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]"); *see also Commonwealth v. Smith*, 985 A.2d 886, 906-07 (Pa. 2009) ("by failing to

properly develop his argument, with proper citation to the record, Appellant has waived his claim.") (citation omitted). Aside from referencing some of his own testimony, which the trial court clearly found to be self-serving, Sebrell does not provide us with any pertinent discussion of these issues. *See* Pa.R.A.P. 2119(a) (argument section of brief shall contain "such discussion … as [is] deemed pertinent."). Accordingly, Sebrell has waived these issues for failure to develop them. *See* Pa.R.A.P. 2101 ("if the defects … are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("It is well-established that [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").

We note that even if Sebrell properly preserved his suppression claim on appeal, we would conclude it is without merit based upon the sound reasoning of the trial court. *See* Findings of Fact and Conclusions of Law Pursuant to Rule 581(I), 7/24/23, at 1-16.

The suppression court properly applied the law to its factual findings, which are supported by the record, in concluding the officers arrived at Sebrell's place of business out of uniform and without brandishing weapons; told him he was not required to speak with them but, after he expressed privacy concerns, offered for him to come to the station to do so if he wanted; Sebrell drove himself to the station where he went to a nonsecure interview

room and was not searched, handcuffed or restrained in any way; Sebrell did not display any signs of impairment and was told several times he was free to leave at any time; Sebrell walked around the station unaccompanied when he asked for a break and was offered food and water; Sebrell left in his own vehicle. *See id.* at 14-16. The court also credited the testimony of Detective Morris, applying significant weight to his testimony. *See id.* at 15. Accordingly, based on a totality of the circumstances, we agree with the court that a reasonable person would have felt that he or she was free to terminate the questioning and leave at any time.[4]

As to Sebrell's claim the evidence was insufficient to find him guilty of indecent assault, his entire argument in this regard is that he would play fight with the children, including N.D., but "any touching of N.D.'s intimate parts was accidental or done with the intent to tease or annoy her," and not for the

_____

[4]

> Our standard of review of a trial court's ruling on a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the facts found by the trial court so long as they are supported by the record, but we review its legal conclusions de novo. The trial court has sole authority to pass on the credibility of witnesses and the weight to be given to their testimony. Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defendant.

*Commonwealth v. Rivera*, 316 A.3d 1026, 1031 (Pa. Super. 2024) (quotation marks and citations omitted).

required purpose of "arousing sexual desire." Appellant's Brief, at 39; **see also** 18 Pa.C.S.A. § 3101(a)(1). This conclusion, for which he provides no actual support or citation, is entirely based on his own self-serving testimony.

Conversely, the evidence viewed in the light most favorable to the Commonwealth as verdict winner shows that Sebrell did not accidentally, nor briefly, touch N.D.'s chest, but rather he frequently fondled her breasts and nipples, when she was 11, under the guise of "play fighting." N.T., Jury Trial, 10/23/23, at 36-37. The testimony also showed that Sebrell became more aggressive as N.D. got older, and moved in with Sebrell and her sister, chasing her if she ran away from the "play fighting," pinning her down to the point where she could feel he had an erection, and pinching, pulling, and sucking her nipples with his hands, fingers, or mouth. **See id.** at 38-42. This evidence is more than sufficient to support a conviction for indecent assault.[5]

As Sebrell's issues are waived and otherwise without merit, we affirm the judgments of sentence.

Judgments of sentence affirmed.

---

[5] "In reviewing a sufficiency challenge, we determine whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." … **Commonwealth v. Wellmon**, 345 A.3d 370, 373 (Pa. Super. 2025) (quotation marks and citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the factfinder." **Id.** (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2026